560 So.2d 315 (1990)
Tracy JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2858.
District Court of Appeal of Florida, First District.
April 20, 1990.
*316 Michael E. Allen, Public Defender, and Lawrence M. Korn, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and A.E. (Ned) Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Tracy Jordan, a seventeen-year-old high school student, was charged as an adult with the felony offense of soliciting Loretta Regar to purchase cocaine in a school yard, in violation of sections 777.04(2) and 893.13(1)(e), Florida Statutes (1987). A jury found him guilty as charged and he was sentenced as an adult. Appealing, he contends that the lower court (1) erred in denying his motion to dismiss on the ground that section 893.13 violates article III, section 6, of the Florida Constitution, and (2) erred in denying his motion for judgment of acquittal because there was no evidence that he earnestly intended to solicit the purchase of cocaine. We affirm the first point, but reverse on the second.
Jordan was arrested on May 12, 1988, on a charge of attempting to sell cocaine at Union County High School, where he was a student. He was later charged by information with criminal solicitation. The following evidence was presented at the trial of that charge.
Terrence Lee, a fifteen-year-old classmate of Jordan's, testified that on May 12, while sitting in class, Jordan pulled a matchbox from his sock or his bag and asked him if he had seen crack before. When Lee replied "No," Jordan showed the box to him. The box contained two grayish-white items that were about the size of BB's and looked "sort of like rock salt." Jordan also showed the box and its contents to Danny Webb, and Lee heard Jordan tell Webb and Loretta Regar that the items in the box were crack cocaine. Jordan did not ask Lee to buy any of the crack or even say any of it was for sale. During this episode, Lee and Webb "were saying that, `This isn't crack. It's not real.'" (R.114). Lee decided or thought Jordan was just teasing or joking.
Danny Webb, another fifteen-year-old classmate of Jordan's, described his participation in the incident. Jordan pulled the matchbox from his sock, took something out of it, and gave Webb a small piece of rock about the size of a BB. Jordan told him to taste it, and he did, thinking it was "candy or something." (R.119). It tasted "a little bit like turpentine" but it "was really too small to give much of a taste at all." (R.117). The item completely dissolved in his mouth and did not have any effect on him whatsoever. He had no feelings of dizziness, lightheadedness, or numbness. After he tasted it, Jordan told him it was crack cocaine.
Willie Robinson, another fifteen-year-old classmate of Jordan's, testified that he witnessed the incident involving the matchbox, but that he was seated too far away to hear much. He saw Jordan talking with Loretta Regar while holding a matchbox and shaking it, and he heard Loretta say, "No."
Loretta Regar, another fifteen-year-old classmate of Jordan's, testified as follows. Jordan came up to her in class and asked her to try some crack cocaine. He was rattling a matchbox and told her it contained crack cocaine. He asked her twice if she wanted to buy some, told her he wanted ten for it, and she replied, "No," each time. She did not see what he had in the matchbox. Jordan wasn't smiling, frowning, or laughing when he spoke to her, he had "just a regular face." (R. 129). There was no audience around laughing or paying particular attention to them. She heard someone say "Show it to Loretta" or "Try *317 to sell it to Loretta." (R. 131). Jordan said to her, "Try it. If you like it, you can buy some." (R. 132). When she refused, Jordan put the matchbox back in his pocket. Immediately after this, she called her father and reported the incident to him, and she then reported it to the principal.
Investigator Larry Cochran of the Union County Sheriff's Office, testified next. He investigated the incident involving Jordan and placed him under arrest. Before questioning Jordan, he advised him of his Miranda rights. Jordan said he was "cutting the fool" when he showed the matchbox to his classmates, and that it did not really contain crack cocaine. (R. 41). Cochran searched Jordan and did not find the matchbox. When he asked Jordan the location of the matchbox, Jordan said he had thrown it in a trash container at the school. A search was made, but the matchbox was not found.
At the conclusion of this evidence, the state rested its case. Jordan moved for a judgment of acquittal, which the court denied, and then rested his case without presenting any evidence. The jury returned a verdict of guilty as charged.
Jordan first contends that the lower court erred in denying his motion to dismiss the charges on the ground that section 893.13, Florida Statutes, was enacted in violation of the one-subject requirements set forth in article III, section 6, of the Florida Constitution. The supreme court recently held otherwise, Dame v. State, 556 So.2d 1109 (Fla. 1990); Burch v. State, 558 So.2d 1 (Fla. 1990), and we affirm this point on the authority of those decisions.
We now turn to Jordan's contention that the lower court erred in denying his motion for judgment of acquittal based on legal insufficiency of the evidence to prove that he intended to solicit Loretta Regar to actually purchase cocaine. Jordan argues there is a total lack of evidence that he earnestly solicited anyone to purchase crack cocaine, as he was only fooling around, and the state's proof is wholly lacking that he actually possessed any crack cocaine that he could have sold to Loretta Regar.
It is, of course, a criminal offense to sell or purchase crack cocaine within 1000 feet of a public school. § 893.13(1)(e), Fla. Stat. (1987). Criminal attempts, solicitation, and conspiracy are defined in section 777.04, Florida Statutes (1987). Section 777.04(2), the criminal solicitation statute, provides:
Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation.
Case law is clear that for the crime of solicitation to be completed, the actor must intend that another person commit a specific crime. State v. Waskin, 481 So.2d 492 (Fla. 3d DCA 1985), rev. denied 488 So.2d 69 (Fla. 1986); State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983). The jury in this case was appropriately charged in accordance with the Standard Jury Instructions in Criminal Cases that, "To `solicit' means to ask earnestly or to try to induce the person solicited to do the thing solicited."
The statutes under which this prosecution was brought are not intended to make criminal the mere utterance of statements asking one to purchase a substance said to be crack without regard to whether the substance is in fact cocaine or merely an uncontrolled substance. The offense is made out only if the proof establishes that the defendant earnestly undertook to solicit another to purchase real cocaine. Accordingly, the essence of the transaction underlying the offense charged in this case is that Jordan approached Loretta Regar and asked her to purchase the material in the matchbox he stated was crack, not to purchase some other quantity of drugs he could arrange to deliver.[1] Thus, unless the material in the matchbox was proven to be *318 crack cocaine, it necessarily follows that appellant was only teasing and playing around, as he contends, and he could not have formed the requisite criminal intent to solicit the commission of the alleged offense. The critical question on this appeal, then, is whether the state has presented legally sufficient proof that the small pieces of material in the matchbox were truly cocaine.
The only evidence presented by the state to prove that the material was crack cocaine consists of Jordan's statements to the two boys that the matchbox contained crack and his inquiry to Loretta Regar as to whether she wanted to buy it. Apart from these extrajudicial statements by Jordan, there is no evidence that the substance in the matchbox was in fact crack cocaine. No qualified witness testified that the described material was crack cocaine. There was no testimony based on past use coupled with present observation that would identify it as cocaine. The state's witnesses could only testify that Jordan said that the substance was crack. Each boy who saw the small pieces said, however, that they did not believe it was crack and they thought Jordan was fooling around. One boy actually consumed the substance and was not affected by it in any way. Loretta Regar never saw the substance. When confronted by the deputy sheriff, Jordan denied it was crack cocaine, saying that he was only fooling around. Consequently, the state's case must rest entirely on Jordan's equivocal extrajudicial statements or admissions that there was crack cocaine in the matchbox.
While a substance may be shown to be an illicit drug by circumstantial evidence when the substance itself is not available for testing to provide direct proof of its chemical content, the defendant's statements and admissions that the substance is an illicit drug are not, standing alone, legally sufficient to establish that fact and sustain a conviction based thereon. Warthan v. State, 440 N.E.2d 657 (Ind. 1982). Equivocal extrajudicial statements by a defendant that the substance he attempted to sell was heroin, and it was shown to be something else, were held to be insufficiently strong objective facts to support a conviction for attempt to sell heroin. United States v. Oviedo, 525 F.2d 881 (5th Cir.1976). Florida courts have long recognized that it is error to receive the defendant's admission in evidence "when the corpus delicti, that is, that the crime charged had been committed, could be established only by the confession or admission." Hodges v. State, 176 So.2d 91, 93 (Fla. 1965). See also Finney v. State, 550 So.2d 1194 (Fla. 1st DCA 1989).
Unquestionably, the state could not establish the corpus delicti in this case without total reliance on Jordan's equivocal statements that he had some crack cocaine in the matchbox which he asked Loretta Regar to purchase. The record contains no other evidence that a criminal offense had been committed. Since the only evidence that Jordan attempted or intended to commit any criminal offense came solely from his extrajudicial statements, we conclude that the evidence is legally insufficient to establish all of the essential elements of the charged offense. The conviction is reversed and remanded with directions to discharge the defendant.
REVERSED.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] The written order imposing adult sanctions because this offense was considered exceptionally serious is predicated on a finding that Jordan possessed crack cocaine on school property. At the sentencing hearing, however, the court stated that "I consider it just as serious if he were playing or if he actually had the cocaine and intended to sell it." (R. 190).