SCHEB, Acting Chief Judge.
The state appeals the trial court’s dismissal of the charge of solicitation to deliver a controlled substance. We find merit in the state’s argument that the court erred in finding the defendant not guilty on the basis that the substance offered was not in fact cocaine.
The defendant was charged with soliciting to deliver cocaine on March 2, 1990. He filed a motion to dismiss alleging there were no material facts in dispute and that the undisputed facts did not make a prima facie showing of Defendant’s guilt.[1] The facts alleged in the motion were: (1) the defendant came into contact with Deputy Green, who was working in an undercover capacity for the purpose of engaging in narcotics transactions; (2) the defendant requested an “eighty piece” from Deputy Green; (3) Deputy Green then produced a wax and soap substance to give to the defendant in exchange for $80; and (4) the defendant was then placed under arrest and charged with solicitation to deliver cocaine. At the hearing on the motion, the state demurred. The court granted the defendant’s motion, relying on Jordan v. State, 560 So.2d 315 (Fla. 1st DCA 1990). It reasoned since the substance Green showed the defendant was not actually cocaine, the defendant was not guilty of the crime charged.
There is a critical distinction between Jordan and the instant case. In Jordan, the defendant was charged with solicitation to purchase a controlled substance. If the defendant did not have real cocaine, he knew he' was not soliciting anyone to purchase a controlled substance. Therefore, he could not have the requisite intent to solicit a person to commit that crime. In the instant case, the defendant was charged with soliciting the delivery of a controlled substance. Under the Jordan analysis, even though Green was incapable of delivering cocaine, if the defendant had the requisite intent to solicit Green to deliver cocaine, then the defendant is guilty.
To set forth a prima facie case of solicitation, the state must allege that the actor, “with intent that another person commit a crime, [has] enticed, advised, incited, ordered or otherwise encouraged that person to commit a crime. The crime solicited need not be committed.” State v. Gaines, 431 So.2d 736, 737 (Fla. 4th DCA 1983). The information alleged the defendant “did command, encourage, hire, or request another person, to-wit: F. Green to commit or attempt to commit a criminal offense, to-wit: Delivery of Cocaine.” The complaint affidavit alleged that the defendant approached Deputy Green and requested an “80 piece” from him for $80.00. The defendant’s intent to solicit Green to deliver cocaine may be inferred by his presenting Green money for the delivery of the cocaine.
Case law establishes the crimes of attempt and conspiracy do not require proof that the substance involved was actually cocaine. State v. Ritter, 448 So.2d 512 (Fla. 5th DCA 1984). The state need only prove that the defendant intended to deal in a controlled substance, and it makes no difference whether the substance was fake. State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982) (court erred in dismissing count of attempted sale of cocaine because substance sold to undercover agents was not actually cocaine). As long as the solicitor has the necessary intent to buy cocaine, then the state has established its prima facie burden.
Reversed.
RYDER and PATTERSON, JJ„ concur.

. Sections 777.04(2) and 893.13(1)(a)(1), Florida Statutes, (1990).