681 So.2d 754 (1996)
STATE of Florida, Appellant,
v.
David MORETTI, Appellee.
No. 95-03855.
District Court of Appeal of Florida, Second District.
August 9, 1996.
Rehearing Denied October 7, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
Christopher E. Cosden, Sarasota, for Appellee.
Gary O. Welch, Assistant Public Defender, Dade City, Amicus Curiae for the Florida Association of Criminal Defense Lawyers.
BLUE, Judge.
The State appeals an order dismissing criminal charges, on double jeopardy grounds, against David Moretti. The State argues that an earlier judgment for Moretti in a civil forfeiture action does not bar prosecution for a criminal offense arising out of the same incident. The trial court did not have the benefit of the U.S. Supreme Court's recent decision in United States v. Ursery, ___ U.S. ___, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). We reverse.
Moretti was stopped for speeding while driving his 1994 Chevrolet Silverado truck. During a pat-down, the officer found approximately twenty-five grams of marijuana and Moretti was arrested. The State filed a civil forfeiture action, In re 1994 Chevrolet Silverado Truck, circuit court case no. 95-609 CA01, but the lower court refused to forfeit the $23,000 vehicle, concluding that it would constitute an excessive fine under the Eighth Amendment to the U.S. Constitution and article I, section 17, of the Florida Constitution. Subsequently, Moretti filed a motion to dismiss the criminal charge on double jeopardy grounds, which the trial court granted.
In Ursery, the Supreme Court examined several federal forfeiture statutes and held that the civil forfeitures did not constitute punishment for purposes of the Double Jeopardy Clause. The Court applied a two-part test: first, whether the legislative body intended the forfeiture statute to be criminal or civil; and second, whether the proceedings *755 are so punitive in fact that they cannot be viewed as a civil proceeding regardless of the legislature's intent.
In this case, the civil forfeiture was pursued under sections 932.701-932.707, Florida Statutes (1993). After reviewing the statutory provisions in light of Ursery and applying the two-part test, we conclude that Florida's civil forfeiture statutes do not impose "punishment" for purposes of the Double Jeopardy Clause. See In re Forfeiture of 1986 Pontiac Firebird, 600 So.2d 1178, 1179 (Fla. 2d DCA 1992) (noting that "statutory forfeiture provisions are intended to serve a remedial rather than punitive purpose") (citations omitted).
Accordingly, we reverse the dismissal of the criminal charges against Moretti and remand for further proceedings.
CAMPBELL, A.C.J., and PARKER, J., concur.