RYDER, Acting Chief Judge.
Mr. Wojnar challenges the forfeiture of his Chevrolet Blazer to City of Tarpon Springs on two constitutional grounds. He first asserts that the forfeiture violated the double jeopardy provisions of the Florida and the United States Constitutions. The United States Supreme Court decided this issue adversely to Mr. Wojnar’s position in United States v. Ursery, — U.S. —, 116 S.Ct. 2135,135 L.Ed.2d 549 (1996). We, therefore, also reject this ground for reversal.
Mr. Wojnar’s second argument against the forfeiture is based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The United States Supreme Court held that this clause is applicable to forfeitures of property under 21 *198 U.S.C. § 881(a)(4).[1] Austin v. United States, 509 U.S. 602,113 S.Ct. 2801,125 L.Ed.2d 488 (1993). Mr. Wojnar’s truck was forfeited pursuant to the Florida Contraband Forfeiture Act, sections 932.701 — 932.707, Florida Statutes (Supp.1992), which is similar to the federal statute at issue in Austin.[2] We have previously held that the Austin analysis is applicable to forfeitures under the Florida Act. In re One 1993 Dodge Intrepid, 645 So.2d 551 (Fla. 2d DCA1994).
While the Austin Court announced that the Excessive Fines Clause could apply to forfeitures, it declined to establish a multifactor test to determine whether any particular forfeiture was excessive. Instead, it decided to allow the lower courts to consider the question. 509 U.S. at 622,113 S.Ct. at 2812. The majority of the federal circuits have adopted a hybrid analysis of the issue. See United States v. Certain Real Property Located at 11869 Westshore Drive, Putman Tp., Livingston County, Mich., 70 F.3d 923, 926 (6th Cir.l995)(and eases cited therein); cert. denied, — U.S. -, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996). First, the courts look at the connection between the property and the offense. This is known as the “instrumentality” test and is based on Justice Scalia’s concurrence in Austin. The question Justice Scalia would ask is “not how much the property was worth, but whether the property has a close enough relationship to the offense.” 509 U.S. at 628, 113 S.Ct. at 2815 (Scalia, J., concurring). Factors used to determine whether the instrumentality test has been met include:
(1) whether the use of the property in the offense was deliberate and planned or merely incidental and fortuitous; (2) whether the property was important to the success of the illegal activity; (3) the time during which the property was illegally used and the spatial extent of its use; (4) whether its illegal use was an isolated event or had been repeated; and (5) whether the purpose of acquiring, maintaining or using the property was to carry out the offense.
United States v. Chandler, 36 F.3d 358, 365 (4th Cir.1994), cert. denied, — U.S. —, 115 S.Ct. 1792,131 L.Ed.2d 721 (1995).
If the instrumentality test is met, most federal courts then apply a “proportionality” analysis. The Eleventh Circuit noted that courts must ask: “Given the .offense for which the owner is being punished, is the fine (imposed by the civil forfeiture) excessive?” United States v. One Parcel of Property Located at 427 and 429 Hall Street, Montgomery, Montgomery County, Ala, 74 F.3d 1165, 1172 (11th Cir.1996). The Hall Street court declined to adopt a definitive checklist of relevant factors for purposes of the inquiry, but other circuits have noted that such factors could include: (1) the culpability of the claimant; (2) the gravity of the crime; (3) the sentence that could be imposed on the perpetrator for the offense; and (4) the nature and value of the property forfeited. 11869 Westshore Drive, 70 F.3d at 927-930; United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, El Dorado, Cal., 59 F.3d 974, 985-986 (9th Cir.1995); United States v. Milbrand, 58 F.3d 841, 847-848 (2d Cir.1995), cert. denied, — U.S. —, 116 S.Ct. 1284, 134 L.Ed.2d 228 (1996).
*199 We agree with the majority of the federal circuits, and adopt both an instrumentality and a proportionality analysis for determining whether this civil forfeiture of an automobile violates the Excessive Fines Clause. The facts of this case relevant to our analysis are that, in February 1993, Mr. Wojnar was driving his 1990 Blazer when he was stopped because he had no tail lights. The officer conducting the stop smelled marijuana, and conducted a pat-down search of Mr. Wojnar. He discovered a plastic baggie that appeared to contain marijuana residue. The officer searched the Blazer with Mr. Wojnar’s consent, but did not discover any drugs. He then called for the assistance of a K-9 unit, and the police dog alerted on a briefcase and a brown paper bag inside the automobile. These items contained a total of twenty-seven grams of marijuana. Mr. Woj-nar pleaded no contest to possession of marijuana, a third-degree felony punishable by imprisonment of no more than five years and by a fine of no more than $5,000.00. See §§ 893.13(1)©, 775.082, 775.083, Fla. Stat. (1991). The trial court withheld adjudication and placed him on probation for two years. As previously noted, in a subsequent civil action the 1990 Blazer was forfeited to the City of Tarpon Springs. The undisputed testimony at the forfeiture trial established that the value of the Blazer was $10,000.00.
We first analyze the relationship of the vehicle to the offense under the “instrumentality” test. Under the Chandler factors quoted above, this is a close question. The main function of a vehicle is to provide transportation, not to provide a place to consume illegal drugs. This car was not outfitted for concealing drugs; the marijuana was not found in secret panels, but rather in common containers located inside, but not affixed to, the automobile. The record does not reveal the extent of Wojnar’s use of the vehicle to transport or consume drugs. The car did, however, provide a means of carrying illegal drugs and a private area in which to smoke the marijuana. We find this sufficient to meet the instrumentality test.
The second prong of our inquiry is “proportionality.” Mr. Wojnar was charged with possession of an amount of marijuana just exceeding the amount that raises the offense from a misdemeanor to a felony. Compare § 893.13(l)(f), Fla. Stat. (1991) with § 893.13(l)(g), Fla. Stat. (1991)(possession of not more than 20 grams of cannabis is a first degree misdemeanor). While this crime is serious, it is not as grave as other drug offenses, for example, .sale of cocaine. See § 893.13(l)(a)l., Fla. Stat. (1991). The value of the Blazer was double the amount of the fine that could be imposed for the offense Mr. Wojnar admitted. These facts, combined with the somewhat attenuated relationship between the property and the offense under the instrumentality test, lead us to hold that the forfeiture of Mr. Wojnar’s Blazer violated the Excessive Fines Clause.
We, therefore, reverse the order of forfeiture and remand to the lower court for further proceedings. We direct the court to order the City of Tarpon Springs to return the Blazer to Mr. Wojnar, or to compensate him for its $10,000.00 value at the time of forfeiture.
Reversed and remanded.
PATTERSON, J., concurs.
ALTENBERND, J., concurs in part and dissents in part.

. This statute provides for the forfeiture of:
(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances, their raw material, and equipment used in the manufacture and distribution]....

. Section 932.701(2)(a)5. permits forfeiture of:
Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of violation of the Florida Contraband Forfeiture Act.
Section 932.702(3) makes it unlawful:
(3) To use any vessel, motor vehicle, aircraft, other personal property, or real property to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.