KLEIN, Judge.
Appellant, a young lawyer, was charged with and convicted of soliciting the murder of his girlfriend, who had become pregnant with his twins. He argues that there was insufficient evidence to prove solicitation of murder because the state did not establish that appellant specifically intended for his girlfriend to be killed. He contends that the evidence showed only that he wanted her pregnancy terminated, and relies on the principle that, for the crime of solicitation to be completed, the actor must intend that another person commit a specific crime. Jordan v. State, 560 So.2d 315, 317 (Fla. 1st DCA 1990), and cases cited therein. We affirm.
Appellant, after failing to persuade his girlfriend that she should abort, turned to a woman who allegedly could find him a person who could solve the problem for him. She turned out, however, to be a police informant. Three conversations between the appellant and the informant were recorded. Although one was inaudible and thus inadmissible in evidence, the following excerpts are found in two of the recordings which were in evidence:
Lusskin: I want to make sure she does not give birth to those two kids. How, I don’t care.
Informant: You mean if it takes to kill her?
Lusskin: Even if. I don’t want to know.
* * ❖ sfs * *
Lusskin: Let me tell you okay. If he beats her up and she lives, and she still has the kids, I ain’t gonna pay a dollar, you understand. I don’t want her beat up ...
* * X % * *
Informant: He’ll probably knock her out ... ■ He’ll kill her. He will kill her.
Lusskin: I understand, how much money are you talking about.
On another occasion, appellant told the informant that he wanted someone to “hurt her, kill her, whatever it took just to get her to abort.” There was also testimony that appellant had asked a law school acquaintance whether he or his private investigator could “find a hitman for Kim,” and make the death appear to be an accident.
Although we have extracted the most incriminating portions of the testimony against appellant, and other portions of the conversations were consistent with his theory that he was primarily concerned with terminating the pregnancy, we must view the evidence in a light most favorable to the State. Where there is competent evidence, viewed in that light, which is inconsistent with defendant’s theory, it is up to the jury to determine if the evidence is sufficient to exclude every reasonable hypothesis of innocence. State v. Law, 559 So.2d 187 (Fla.1989). We conclude that there was, under Jordan, sufficient evidence to go to the jury on the issue of whether the appellant intended that his girlfriend be murdered.
Appellant was also convicted of culpable negligence as a result of driving his automobile in a reckless manner while his pregnant girlfriend was a passenger. He argues that double jeopardy bars this conviction because he lost his vehicle in a forfeiture proceeding-arising out of the culpable negligence. This *613 issue was recently resolved adversely to appellant in United States v. Ursery, — U.S. -, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). See also State v. Moretti, 681 So.2d 754 (Fla. 2d DCA 1996).
We have considered the other issues raised by appellant and find them to be without merit.
Affirmed.
PARIENTE, J., and TAYLOR, CAROLE Y., Associate Judge, concur.