WARNER, Judge.
The Town of Jupiter appeals the trial court’s dismissal of its forfeiture complaint in which it sought to forfeit appellee’s truck because appellee was found with an illegal sawed-off short-barreled shot gun in it. In dismissing the complaint, the trial court relied on Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), as interpreted in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), to hold that the forfeiture after appellee’s conviction for possession of the gun was a violation of double jeopardy. This interpretation of Austin was rejected by the Supreme Court in United States v. Ursery, — U.S. -, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), which explained the two-part analysis for determining whether a civil forfeiture amounts to punishment for double jeopardy purposes. In State v. Moretti, 681 So.2d 754 (Fla. 2d DCA 1996), the court applied that analysis to the Florida Contraband Forfeiture Act and held that it did not constitute punishment for the purposes of double jeopardy. We have agreed with that analysis. See Lusskin v. State, 690 So.2d 611 (Fla. 4th DCA 1997). We therefore reverse.
In a second motion to dismiss, appel-lee claimed that the forfeiture violated the Eighth Amendment “excessive fines” clause. Although the court dismissed the complaint on both of appellee’s motions, it did not develop the issue of whether the forfeiture of the truck constituted an excessive fine. In Austin, the Supreme Court held that in rem civil forfeitures which serve in part as punishment are subject to an Eighth Amendment excessive fines analysis. 509 U.S. at 610,113 S.Ct. at 2805-06.[1]
The Austin analysis has been held applicable to forfeitures under the Florida Contraband Forfeiture Act. In re Forfeiture of 1990 Chevrolet Blazer, 684 So.2d 197 (Fla. 2d DCA 1996), rev. denied, 695 So.2d 699 (Fla.1997). Having determined that forfeitures under the Florida Contraband Forfeiture Act may in *872 volve an excessive fine, the question is whether the forfeiture in this case violated the excessive fines clause. Although the Court in Austin declined to establish a multi-factor test for determining whether a forfeiture is constitutionally excessive, the second district applied such a test in Chevrolet Blazer, 684 So.2d at 197-99. This analysis proceeds as follows:
First, the courts look at the connection between the property and the offense. This is known as the “instrumentality” test and is based on Justice Scalia’s concurrence in Austin. The question Justice Scalia would ask is “not how much the property was worth, but whether the property has a close enough relationship to the offense.” Factors used to determine whether the instrumentality test has been met include:
(1) whether the use of the property in the offense was deliberate and planned or merely incidental and fortuitous; (2) whether the property was important to the success of the illegal activity; (3) the time during which the property was illegally used and the spatial extent of its use; (4) whether its illegal use was an isolated event or had been repeated; and (5) whether the purpose' of acquiring, maintaining or using the property was to carry out the offense.
United States v. Chandler, 36 F.3d 358, 365 (4th Cir.1994), cert. denied, 514 U.S. 1082, 115 S.Ct. 1792, 131 L.Ed.2d 721 (1995).
If the instrumentality test is met, most federal courts then apply a “proportionality” analysis. The Eleventh Circuit noted that courts must ask: “Given the offense for which the owner is being punished, is the fine (imposed by the civil forfeiture) excessive?” ... [OJther circuits have noted that such factors could include: (1) the culpability of the claimant; (2) the gravity of the crime; (3) the sentence that could be imposed on the perpetrator for the offense; and (4) the nature and value of the property forfeited.
Id. at 198 (certain citations omitted). These factors point to the broad remedial nature of civil forfeiture. See Ursery, — U.S. at ---, 116 S.Ct. at 2141-42. In his dissent, Judge Altenbernd argued for a presumption that a statutory forfeiture of property with a net fair market value of up to three times the maximum criminal fine is constitutionally not excessive. He also maintained that a claimant’s financial resources should be considered in determining whether the presumptive trebled amount is too high or too low in a particular case. See Chevrolet Blazer, 684 So.2d at 199-201 (Altenbernd, J., concurring in part and dissenting in part).
Because the trial court granted the motion to dismiss, the factors enumerated in Chevrolet Blazer were never developed in the record below. On remand, these factors, including a consideration of the appellee’s financial resources, should be examined by the trial court. While we do not adopt Judge Alten-bernd’s approach with this opinion, the trial court should consider all relevant factors in making its determination and present a record for review on this issue should an appeal be taken fi*om the order on remand.
Reversed and remanded.
POLEN and GROSS, JJ., concur.

. In Ursery, the Court noted that civil forfeitures do not constitute punishment for double jeopardy purposes because the forfeiture is not a penalty fer a criminal act but is a separate civil sanction, remedial in nature. - U.S. at -, 116 S.Ct. at 2141-42.