785 So.2d 517 (2000)
DEPARTMENT OF ENVIRONMENTAL PROTECTION, etc., Appellant,
v.
Allan ZABIELINSKI, Appellee.
No. 3D00-117.
District Court of Appeal of Florida, Third District.
September 6, 2000.
Certification Denied November 8, 2000.
*518 Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
J. David Nick (California), for appellee.
Before LEVY, and GODERICH, JJ., and NESBITT, Senior Judge.
GODERICH, Judge.
The claimant, Allan Zabielinski, pled guilty to applying for title to a vessel using a false and fictitious name and a false and fictitious address in violation of section 328.05(3)(c), Florida Statutes (1995).[1] *519 Thereafter, the Department of Environmental Protection [DEP] brought a civil in rem forfeiture action seeking the forfeiture of the claimant's $60,000 vessel pursuant to section 932.701, Florida Statutes (1995), "The Florida Contraband Forfeiture Act," and section 328.05(3)(c), Florida Statutes (1995).
The claimant filed a motion for summary judgment claiming that the forfeiture of the vessel would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.
The DEP filed a response and a cross-motion for summary judgment. The DEP argued that the Excessive Fines Clause was not implicated because the forfeiture was not intended as punishment, but rather it was intended as a manner in which the State of Florida can keep accurate records.
The trial court granted the claimant's motion for summary judgment finding that the Excessive Fines Clause was implicated because the forfeiture was intended as punishment and that the fine of forfeiture was grossly disproportionate to the gravity of the offense, title fraud. The DEP's appeal followed.
The issue presented in this appeal is whether the forfeiture of the vessel, valued at approximately $60,000, for violation of section 328.05(3)(c), Florida Statutes (1995), would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. For the reasons that follow, we find that it would, and therefore, affirm the trial court's order granting summary judgment in favor of the claimant.
The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, `as punishment for some offense.'" Austin v. United States, 509 U.S. 602, 609-10, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)(quoting Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)).
The first determination that we must make is whether the civil forfeiture of the property is a "fine." If so, we then must determine whether the fine is excessive. "[I]n rem civil forfeitures which serve in part as punishment are subject to an Eighth Amendment excessive fines analysis." Town of Jupiter v. Garcia, 698 So.2d 871, 871 (Fla. 4th DCA 1997)(citing Austin, 509 U.S. at 610, 113 S.Ct. 2801); see also, United States v. Bajakajian, 524 U.S. 321, 331 n. 6, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)("[M]odern statutory forfeiture is a `fine' for Eighth Amendment purposes if it constitutes punishment even in part, regardless of whether the proceeding is styled in rem or in personam."); In re One 1993 Dodge Intrepid, 645 So.2d 551 (Fla. 2d DCA 1994)("[T]he Excessive Fines clause of the Eighth Amendment applies to forfeitures which are used to exact punishment notwithstanding the fact that the forfeitures are civil and remedial in purpose.")(citing Austin, 509 U.S. at 621-22, 113 S.Ct. 2801); see also, In re 1990 Chevrolet Blazer, 684 So.2d 197 (Fla. 2d DCA 1996)(applying the Excessive Fines Clause to civil forfeiture under the Florida Contraband Forfeiture Act), review denied, 695 So.2d 699 (Fla.1997).
*520 The DEP argues on appeal, as it did below, that section 328.05(3)(c) is wholly remedial in nature because the purpose is to assure that vessel registration records in the State of Florida are complete and accurate, and therefore, the Excessive Fines Clause is not implicated.
Although the legislative history provides little guidance as to the legislature's intent, after reviewing section 328.05(3), we find that it is partly punitive in nature. First, section 328.05(3)(c) provides that the forfeiture is pursuant to sections 932.701-932.704, Florida Statutes (1995), the "Florida Contraband Forfeiture Act." Therefore, section 328.05(3)(c) must be construed in pari materia with sections 932.701-932.704. Section 932.704(1) provides that the policy of the Florida Contraband Forfeiture Act is to "deter and prevent the continued use of contraband articles for criminal purposes while protecting the proprietary interests of innocent owners...." In United States v. Bajakajian, 524 U.S. 321, 329, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), the Supreme Court acknowledged that "[d]eterrence... has traditionally been viewed as a goal of punishment, ..." Therefore, because the forfeiture is punitive in nature, the Excessive Fines Clause is implicated. See In re 1990 Chevrolet Blazer, 684 So.2d 197 (Fla. 2d DCA 1996)(applying the Excessive Fines Clause to forfeiture under the Florida Contraband Forfeiture Act), review denied, 695 So.2d 699 (Fla.1997); In re One 1993 Dodge Intrepid, 645 So.2d 551 (Fla. 2d DCA 1994)(same).
Although we do agree that the State of Florida does have an interest in assuring that vessel registration records in the State of Florida are complete and accurate, forfeiture is not necessary to accomplish this goal. There is no doubt that the State of Florida can accomplish its goal by temporarily seizing the vessel until the owner can establish that the vessel has been properly registered. Thus, this leads us to the conclusion that the forfeiture provision of section 328.05(3)(c) was enacted to either deter title fraud or to punish the vessel owner for the title fraud. As such, we find that section 328.05(3)(c) is not wholly remedial, but rather partly punitive and partly remedial in nature. Therefore, the Excessive Fines Clause is implicated.
Because the Excessive Fines Clause is implicated, we must next determine whether the fine is excessive. In United States v. Bajakajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), the Supreme Court held that a fine is considered excessive "if it is grossly disproportional to the gravity of a defendant's offense."
In the instant case, the fine involved is the forfeiture of a $60,000 vessel for violating section 328.05(3)(c). Violating section 328.05(3)(c) is a third degree felony, punishable by a term of imprisonment not exceeding five years, § 775.082(3)(d), Fla. Stat. (1995), and a maximum fine of $5,000. § 775.083(1)(c), Fla. Stat. (1995). Although fraudulently registering a vessel is a serious crime, it is not as grave as other offenses, for example drug offenses. Moreover, the vessel is valued $60,000 which is more than eleven times the amount of the fine that could have been imposed. Under the circumstances of this case, we find that the fine is excessive.
The trial court's order granting the claimant's motion for summary judgment is
Affirmed.
NOTES
[1] Section 328.05(3)(c) provides in part:

(3) It is unlawful:
(c) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.
Any person who violates any provision of this subsection is guilty of a felony of the third degree, punishable as provided in s. 776.082, s. 775.083, or s. 775.084. A violation of any provision of this subsection with respect to any vessel shall constitute such vessel as contraband which may be seized by a law enforcement agency, or the division, and which shall be subject to forfeiture pursuant to ss. 932.701-932.704.