In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-105 CV


____________________



ONE CAR, 1996 DODGE X-CAB TRUCK WHITE IN COLOR 5YC-T17


VIN 3B7HC13Z5TG163723, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV 20,122






OPINION


 Ray and Sondra Carroll appeal the judgment of the trial court ordering forfeiture
of their truck. (1) In their sole issue on appeal, the Carrolls contend the forfeiture of their
vehicle, under Chapter 59, Tex. Code Crim. Proc. Ann. (Vernon Supp. 2003), for trace
amounts of methamphetamine, violates the Excessive Fines Clause of the Eighth
Amendment to the United States Constitution. For the reasons stated below, we reverse
the judgment of the trial court.

 At the forfeiture hearing, pursuant to Tex. Code Crim. Proc. Ann. art. 59.05
(Vernon Supp. 2004), Polk County sheriff's deputies testified that Sondra Carroll, driving
the truck in question, was stopped for speeding, 87 miles an hour in a 70 mile an hour
speed zone. The deputy performed a routine driver's license check, and an outstanding
warrant from Angelina County on a charge of possession of a controlled substance was
discovered. Sondra was placed under arrest pursuant to the active warrant. While
conducting an inventory of the vehicle, two short straws, about four inches in length, were
discovered. One of the officers, an experienced narcotics officer, testified the straws could
be considered paraphernalia for the use of methamphetamine or cocaine. The straws were
field tested, and found to contain crystals of methamphetamine. One of the arresting
officers, Eric Jones, described the amount as "individual crystals," "an extremely small
amount," "a trace amount," and small enough that it really could not be measured. Mark
Jones, the other police officer at the scene, agreed with defense counsel's description that
the amount was "so small that it really can't be weighed in a quantifiable way; . . ." and
that it was "like a pin top." Sondra Carroll pled guilty to possession of a controlled
substance, a state jail felony, but received a misdemeanor sentence of 90 days in the Polk
County jail, pursuant to Tex. Pen. Code Ann. § 12.44(a) (Vernon 2003). 

 Ray Carroll, Sondra's husband, testified that he paid $14,000 for the truck, using
community funds, although only Sondra's name appears on the title. Ray needs the truck
to go to work; he is presently borrowing a vehicle for that purpose. Ray kept the vehicle
in good condition, and estimated its value at $11,000. Although he acknowledged his
awareness of Sondra's drug problem, he testified he was not aware the vehicle was being
used to buy methamphetamine. 

 The "Excessive Fines Clause" is contained in the Eighth Amendment to the U.S.
Constitution: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel
and unusual punishments inflicted." (2) (emphasis added) U.S. Const. amend. VIII. The
Eighth Amendment is applicable to the states through the Fourteenth Amendment. 
Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). 

 The United States Supreme Court addressed the applicability of the Excessive Fines
Clause to federal forfeiture statutes in Austin v. United States, 509 U.S. 602, 113 S.Ct.
2801, 125 L.Ed.2d 488 (1993). Austin pled guilty in state court to one count of possession
of cocaine with intent to distribute, and received a seven-year sentence. The United States
Government subsequently filed an in rem action in the federal district court seeking the
forfeiture of Austin's mobile home and body shop. See 21 U.S.C.A. §§ 881(a)(4) & (a)(7)
(West Supp. 2003). Austin argued the forfeiture violated the Excessive Fines Clause. 
Austin, 509 U.S. at 605. The Supreme Court concluded: (1) the protections afforded by
the Eighth Amendment are not limited to criminal prosecutions, or civil proceedings so
punitive as to be considered criminal in nature, (3) Id. at 607-09; (2) the Excessive Fines
Clause limits the government's power to extract payments as punishment for some
offenses, Id. at 609; (3) "punishment" cuts across the division between criminal and civil
proceedings; the question being not whether the statutes in question are labeled civil or
criminal, but rather whether the imposition sought by the government is considered
"punishment," Id. at 610; (4) while recognizing that sanctions may serve more than one
purpose, i.e., remedial and punitive, any sanction that cannot fairly be said solely to serve
a remedial purpose, but can also be said to serve either retributive or deterrent purposes,
constitutes punishment, (4) Id. at 610; (5) forfeiture generally and statutory in rem forfeiture
in particular have been understood, at least in part, as punishment, Id. at 618; and (6)
because of their legislative history, the inclusion of an "innocent owner" defense, the tying
of the forfeiture directly to the commission of drug offenses, and notwithstanding the
admitted existence of certain remedial purposes, i.e., compensation of the government for
the expense of law enforcement and dealing with societal problems related to drugs and
removing the instruments of the drug trade, the federal forfeiture statutes in question were
held to constitute "punishment," and therefore, subject to the Excessive Fines Clause. Id.
at 619-22. (5) The Court in Austin did not establish any standard by which a determination
of excessiveness could be made, but rather remanded to the lower courts to consider in the
first instance whether the forfeitures were excessive. Id. at 622-23. 

 In a Chapter 59 forfeiture hearing, the trial court must first determine whether the
property in question is, indeed, "contraband" as defined by statute. Tex. Code Crim.
Proc. Ann. arts. 59.01(2)(A) through (D); 59.05 (Vernon Supp. 2004). Property
determined to be contraband is subject to seizure and forfeiture. Tex. Code Crim. Proc.
Ann. art. 59.02(a) (Vernon Supp. 2004). The State must establish, by a preponderance
of the evidence, a substantial nexus or connection between the property to be forfeited and
statutorily defined criminal activity. Forty-Seven Thousand Two Hundred Dollars U.S.
Currency, et al. v. State, 883 S.W.2d 302, 306 (Tex. App.--El Paso 1994, writ denied);
Spurs v. State, 850 S.W.2d 611, 614 (Tex. App.--Tyler 1993, writ denied). In the instant
case, it appears that the Carrolls conceded this point without requiring anything from the
State. For that reason, we will proceed as if the first requirement had been satisfactorily
established. 

 Once it has been established that the property in question is contraband, the court
must then apply a "proportionality" test as set forth in United States v. Bajakajian, 524
U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). Bajakajian pertained to a forfeiture
of currency under a Federal Statute making it a crime to carry more than $10,000 in
currency out of the country without reporting it. (6) Respondent pled guilty to the criminal
violation of failure to report. The government also sought forfeiture of the entire amount
of cash carried by Respondent, $357,144. The district court ruled that under the statute
the entire sum was subject to forfeiture, but declined to enter such a judgment, holding that
such a result would violate the Excessive Fines Clause. The Ninth Circuit affirmed. Id.
at 326-27. The Supreme Court held: (1) forfeitures, i.e., payments in kind, are "fines"
subject to the limitations of the Eighth Amendment if they constitute punishment for an
offense, Id. at 328; (2) the forfeiture of currency under the subject statute is a form of
punishment; it is an additional sanction available when imposing a sentence for violation
of the criminal statute, imposed at the culmination of criminal proceedings and cannot be
imposed on an "innocent owner," Id.; and (3) modern statutory forfeiture provisions are
"fines" for Eighth Amendment purposes, if they constitute, even in part, punishment, Id.
at 332-34. Therefore, the forfeiture of currency was subject to the Excessive Fines
Clause. Id. at 334. In determining whether the fine is excessive, the district court first,
and the court of appeals de novo on appeal, must consider proportionality, i.e., the amount
of the forfeiture must bear some relationship to the gravity of the offense that it is designed
to punish. Id. at 334, 335-36. In determining whether the forfeiture of the entire sum was
"excessive" or "grossly disproportional," the Court examined the nature of the offense
(essentially, a reporting violation), the relationship of the offense to other illegal activities
(none), the class of offenders addressed by the forfeiture (Respondents did not fit the
class), and the harm caused (little or none). The Court held that the forfeiture of the entire
sum of money, $357,144, bore no correlation to any damages sustained by society or to
the cost of enforcing the law. Id. at 340; see Austin, 509 U.S. at 621. 

 Although not required to do so, we have reviewed a number of opinions from other
jurisdictions in which the principles in Austin and Bajakajian were utilized to analyze the
constitutionality of similar state forfeitures:

 Commonwealth v. Real Property and Improvements commonly known as 5444
Spruce St., Philadelphia, PA, 832 A.2d 396 (Pa. 2003). Police entered a house in
Philadelphia and seized five packets of crack cocaine from a purse in the living room,
eleven packets of marijuana, and $20 from a cup in the kitchen. The owner of the house
pled guilty to a single charge of possession with intent to distribute and received a two-year
probated sentence. Id. at 398. The State also sought forfeiture of the house. Id. at 397. 
At the forfeiture hearing, evidence showed that the value of the drugs involved in the
owner's guilty plea was less than $80, and that the house contained none of what was
described as the "usual trappings of drug dealing," i.e., scales, cutting agents, paper or
sales records. Id. at 398. The trial court granted the forfeiture, and the Commonwealth
Court affirmed. Id. at 398. On review, the Pennsylvania Supreme Court, citing
Bajakajian, held that the proper standard to be employed was one of "pure
proportionality," i.e., comparison of the value of the forfeited property to the gravity of
defendant's offense, and if the value of the forfeiture is grossly disproportional to the
gravity of the offense, then the forfeiture is unconstitutional. Id. at 401, 403. The
Supreme Court remanded to the trial court for a determination of the value of the premises,
which was not in the record. Id. at 403. See also Commonwealth v. Mitchell, 2003 Pa.
Commw. LEXIS 751 at **5-7 (Pa. Commw. 2003). 

 Ex Parte Kelley, 766 So.2d 837 (Ala. 1999). Birmingham police searched Kelley's
car and found four "Ecstacy" tablets and 6.2 grams of marijuana. Kelley was charged
with possession of marijuana (not with trafficking), adjudged a youthful offender, and
sentenced to participate in a drug-court program, with no fine imposed. Id. at 838. In
connection with this prosecution, the State also sought the forfeiture of Kelley's car, a
1997 Pontiac Grand Prix, valued at $30,000--$35,000. The trial court declared the vehicle
contraband and ordered it forfeited. Id. at 837, 838. The Supreme Court reversed, citing
Bajakajian, holding the forfeiture of a $30,000 automobile grossly disproportionate to the
offense and sentence imposed. Kelley at 840. See also Ex Parte Dorough, 773 So.2d
1001 (Ala. 2000). Defendant in that case was caught by police snorting cocaine as he sat
in the driver's seat of his truck. The lower court ordered the truck forfeited. This was
reversed by the Supreme Court to determine the proportionality issue under Bajakajian and
Kelley, i.e., the amount of cocaine seized, the value of the truck, and the criminal charge
brought against the defendant. Id. at 1004-5.

 One 1995 Toyota Pick-Up Truck v. District of Columbia, 718 A.2d 558 (D.C. App.
1998). Defendant was convicted of soliciting a prostitute, who turned out to be an
undercover police officer. He was subject to a fine of $300, but as a first offender was
fined only $150. The District brought an in rem civil forfeiture action against the truck,
valued at $15,500, from which defendant made his ill-fated proposition, and the trial court
entered a decree of condemnation. Id. at 559-60. Citing Bajakajian, the Court of Appeals
set aside the forfeiture as an excessive fine. Id. at 560. Under the District's statute, there
is an innocent owner defense and the forfeiture is tied directly to commission of the crime,
and, therefore, the forfeiture statute is punishment and subject to review under the
Excessive Fines Clause. Id. at 564. The Court of Appeals held that a fine of 50 times the
amount of fine authorized and 100 times the amount of fine actually imposed was grossly
disproportional, comparing these ratios with the ratio actually imposed in Bajakajian. Id.
at 565-66. 

 State v. Boyd and One White Chevrolet Pickup Truck, 238 Wis.2d 693, 618 N.W.2d
251 (Wis. App. 2000). Defendant stopped his truck in front of a police station and, using
a .22 caliber handgun, fired at the front door. He was convicted of felony endangering of
safety by the use of a dangerous weapon. The State also sought the forfeiture of his 1998
Chevy Pickup because it was used to commit the felony. Id. at 253. The truck had a
value of $28,000, and the trial court ordered it sold, but would award only $10,000 of the
proceeds to the police department. The State appealed. Id. at 254. The Wisconsin Court
of Appeals affirmed, adopting the Bajakajian proportionality test regarding whether the
forfeiture/fine was excessive. The court found the $28,000 forfeiture sought by the State
to be excessive, primarily because of the great disparity between that amount, and the
$10,000 maximum possible fine for the conviction. Id. at 256, 258. 

 Dep't of Envtl. Protection v. Zabielinski, 785 So.2d 517 (Fla. Dist. Ct. App. 2000). 
Defendant pled guilty to applying for a title to a vessel using a false name and fictitious
address in violation of state law. Thereafter, pursuant to statute, the State also sought the
forfeiture of defendant's $60,000 vessel. Id. at 518-19. The Florida Court found the
statute in question at least "partly punitive" and, therefore, implicating the Excessive Fines
Clause. Id. at 520. Violation of the registration statute is a third-degree felony under
Florida law, punishable by no more than five years imprisonment and a maximum fine of
$5,000. The forfeiture of the vessel, valued at more than eleven times the amount of the
maximum fine, was held to constitute an excessive fine under the Eighth Amendment. Id.
at 520. 

 While these do not represent an exhaustive, state-by-state analysis of state court
application of the seminal U.S. Supreme Court cases, they illustrate that proportionality,
as applied in Bajakajian, is generally recognized as the appropriate test in determining
whether a punitive forfeiture passes muster under the Excessive Fines Clause.

 Although this Court recognizes that Chapter 59 forfeiture is not punishment for
Double Jeopardy purposes, (7) we first apply the analysis of Austin (8) and Bajakajian (9) to
Chapter 59 forfeitures to determine whether such forfeiture constitutes punishment for
purposes of the Excessive Fines Clause. 

 Chapter 59 forfeiture is closely tied to the commission of underlying crimes. See
Tex. Code Crim. Proc. Ann. arts. 59.01(2)(A)(i)-(iii), and 59.01(2)(B)(i)-(iii) (Vernon
Supp. 2003) (Seizure of contraband authorized; contraband defined in terms of violations
of, inter alia, the Penal and Health and Safety Codes). See Fant v. State, 931 S.W.2d
299, 306 (Tex. Crim. App. 1996). Chapter 59 also contains an "innocent owner" defense. 
See Tex. Code Crim. Proc. Ann. art. 59.02(c); $18,800 in U.S. Currency v. State, 961
S.W.2d 257, 260 (Tex. App.--Houston [1st Dist.] 1997, no pet.); Bochas v. State, 951
S.W.2d 64, 71 (Tex. App.--Corpus Christi 1997, pet. denied). We hold that forfeiture in
this case is sufficiently punitive to be subject to the Excessive Fines Clause. 

 Having determined that Chapter 59 is subject to the Excessive Fines Clause, we then
apply the Supreme Court's proportionality standard de novo to the evidence surrounding
the State's forfeiture of the Carrolls' truck to determine if such forfeiture is
unconstitutionally excessive. Sondra's offense is a state jail felony, with a maximum
sentence of two years and a maximum fine not exceeding $10,000. Tex. Pen. Code Ann.
§ 12.35(a), (b) (Vernon 2003). However, in accordance with Tex. Pen. Code Ann. §
12.44(a) (Vernon 2003), she received a misdemeanor sentence. A reduction under §
12.44(a) is authorized after considering, inter alia, the gravity and circumstances of the
felony committed. Such reduction may be considered as an indication that the offense is
not considered of sufficient gravity to be punished as a felony. "Contraband" subject to
forfeiture under Chapter 59 is, with one exception (10), limited to underlying felony offenses. 
Tex. Code Crim. Proc. Ann. arts. 59.01(2), 59.02(a) (Vernon Supp. 2004). So while
forfeiture would be available given the felony conviction, punishment as a misdemeanor
seems inconsistent with forfeiture. However, assuming a felony punishment, the facts in
this case do not allow the state to forfeit a truck valued in excess of $10,000. The amount
of controlled substance involved was an extremely small amount, too small to be weighed
or valued. There was no evidence that the truck in this case was used to distribute or sell
controlled substances, or that it was repeatedly used to facilitate Sondra's illegal use of
controlled substances. There was no showing that any other offenses, except speeding,
were involved in the case. The forfeiture of an $11,000 truck is, therefore, grossly
disproportional to the offense under Bajakajian, and we hold that the forfeiture in this case
violates the Excessive Fines Clause of the Eighth Amendment. Bajakajian, 524 U.S. at
337-41. The first issue on appeal is sustained.

 The judgment of the trial court is reversed, and the case is remanded to the trial
court with instructions to enter judgment in favor of the Carrolls, and to order the subject
property, to wit, one 1996 Dodge extended cab pick-up truck, white in color, license
number 5YC-T17, Vin 3B7HC13Z5TG163723, be returned to the Carrolls. 

 REVERSED AND REMANDED.

 

 PER CURIAM



Submitted on October 2, 2003

Opinion Delivered December 4, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. 1996 Dodge Extended Cab Pick-up Truck, white in color, License Number 5YC-T17, Vin 3B7HC13Z5TG163723. 
2. Only the Federal Constitutional issue is raised in appellant's brief.
3. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644
(1963).
4. United States v. Halper, 490 U.S. 435, 448, 109 S.Ct. 1892, 104 L.Ed.2d 487
(1989). 
5. "The theory of in rem forfeitures is said to be that the lawful property has
committed an offense . . . . Punishment is being imposed, whether one quaintly considers
its object to be the property itself, or more realistically regards its object to be the
property's owner." Austin v. United States, 509 U.S. at 624-25 (Scalia, J. concurring). 

6. See 18 U.S.C.A. § 982(a)(1) (West 2000); 31 U.S.C.A. §§ 5316(a)(1)(a) and
5322(a) (West 2003).
7. Fant v. State, 931 S.W.2d 299, 308 (Tex. Crim. App. 1996); Romero v. 

State, 927 S.W.2d 632, 635 (Tex. 1996).
8. Austin, 509 U.S. at 619-22.
9. Bajakajian, 524 U.S. at 327-33. 
10. See art. 59.01(2)(B)(v).