**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00290-CV**

_____

**$49,815.00 IN U.S. CURRENCY AND ASSORTED PROPERTY (FARID ALI DATOO), Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District**
**Jefferson County, Texas**
**Trial Cause No. 314649**

**MEMORANDUM OPINION**

During a raid of Farid Ali Datoo's game room based on a search warrant, officers seized U.S. currency of $49,518.00 alleged to be "proceeds of gambling" and property, including "gambling devices."[1, 2] Datoo pled "nolo contendere" to one

---

[1]The State and Datoo seemingly agree that the style of the case is incorrect, the $49,815.00 amount should be $49,518.00. *See Datoo v. State*, No. 13-18-00192-CV, 2019 WL 6769871, at *1 (Tex. App.—Corpus Christi Dec. 12, 2019, pet. denied) (mem. op.) (noting seized amount of $49,518.00).

[2]We only address the forfeiture of the $49,518.00 since Datoo only sought return of the currency in the trial court and limits his arguments on appeal to the currency.

1

count of keeping a gambling place and was adjudicated guilty. The initial forfeiture order specified the currency and property that was forfeited under Texas Code of Criminal Procedure article 18.18(a), which Datoo appealed. The Thirteenth Court of Appeals reversed and remanded for the forfeiture to proceed under article 18.18(b)–(f) instead. *See* Tex. Code Crim. Proc. Ann. art. 18.18(a)–(f); *Datoo v. State*, No. 13-18-00192-CV, 2019 WL 6769871, at *2–3 (Tex. App.—Corpus Christi Dec. 12, 2019, pet. denied) (mem. op.). This is the appeal from the subsequent forfeiture on remand under article 18.18(b)–(f), including U.S. currency of $49,518.00. In four issues, Datoo argues: 1) the district court erred in forfeiting his property as the statutory prerequisites for filing suit were not met, and the statute of limitations had run; 2) forfeiture of $49,518.00 for conduct constituting a Class A Misdemeanor violates the excessive fines clause of the Eighth Amendment; 3) Texas Code of Criminal Procedure article 18.18(b) does not apply to cases like this one where there has been a prosecution or conviction; and 4) the use of article 18.18(b) violates due process and due course of law. As discussed below, we will affirm.

## Background

On July 7, 2016, Officer Corey Pinckney with the Beaumont Police Department prepared and swore to a probable cause affidavit regarding his belief that Datoo owned and operated an illegal game room at a location known as "Fred's Game Room." Pinckney outlined the underlying facts that supported this belief. Pinckney averred that he received information Datoo paid cash prizes exceeding $5

2

to individuals, including a recent cash prize of $7,000. He also averred that "gambling devices and US currency from gambling devices" were being kept there, and the "US currency was used as pay-outs[.]" The same day, a judge signed the search warrant. Police raided the location, and seized gambling devices, a total of $49,518.00 in U.S. currency, three money counting machines, a sign-in sheet, a gaming site sign, and electronic "8-liner" circuit boards, among other items. After the raid, Officer Pinckney completed an inventory and return.

Datoo pled no contest to keeping a gambling place, a class A misdemeanor. *See* Tex. Penal Code Ann. §§ 47.04 (keeping a gambling place offense), 12.21 (class A misdemeanor punishment). The trial court adjudicated him guilty and assessed a $1,500 fine. The same day as the guilty plea, the trial court signed a forfeiture order without notice or a hearing, which indicated the property seized was forfeited under Texas Code of Criminal Procedure article 18.18(a). Datoo appealed that order, arguing article 18.18(a) did not apply. The Thirteenth Court of Appeals reversed and remanded with instructions that the forfeiture proceed under article 18.18(b)–(f), since the offense of keeping a gambling place was not an enumerated offense under article 18.18(a), and that Datoo have the opportunity to be heard and present evidence as to why the property should not be forfeited. *See Datoo*, 2019 WL 6769871, at *2–3.

After remand, the trial court sent a letter notifying Datoo that upon execution of the search warrant, a return and inventory was filed with the court and listed the

3

seized property. *See* Tex. Code Crim. Proc. Ann. art. 18.18(c). The trial court noted the letter was "being sent pursuant to Texas Code of Criminal Procedure 18.18 to give you notice that you may appear before this court to show cause as to why the above listed property should not be forfeited." The trial court then conducted a hearing where Datoo's attorney first called the Chief Deputy District Clerk as a witness, who testified that although she had not seen a search warrant or return filed in this case, those documents were never filed in the District Clerk's Office, since they were pre-indictment filings.

Datoo also called Officer Pinckney, the assigned case agent, as a witness. Pinckney explained that he prepared the probable cause affidavit for the search warrant, a judge signed the warrant, and Pinckney completed the return and inventory. Copies of the search warrant, affidavit, and return and inventory were admitted at the show cause hearing.

Pinckney testified that he was present when officers executed the search warrant, as was Datoo, and they found a total of $49,518.00 in U.S. currency, which included $12,387 found in Datoo's vehicle after he consented to officers searching the vehicle. The remaining funds were located inside the game room. While there, besides seizing the currency, they seized electronic circuit boards out of gaming machines, and a sign-in sheet, among other items. Pinckney testified that he spoke with Datoo, who admitted paying cash prizes to people inside the game room that exceeded $5. Pinckney explained that Datoo told him he did not use a bank to store

4

the money but kept the money inside the building and inside his vehicle in the parking lot. In the search warrant affidavit, Pinckney averred that the 8-liner machines accepted cash, accrued "won credits," and cash prizes exceeding $5 were paid to customers for their "won credits" displayed on the devices. At the show cause hearing, Datoo called no other witnesses or presented any other evidence.

The trial court explained that Datoo bore the burden of proof at the hearing and determined that evidence supported forfeiture. The trial court ordered the proceeds and other property forfeited.

## Law and Burden of Proof

A civil forfeiture proceeding under Texas Code of Criminal Procedure chapter 18 is an *in rem* procedure, meaning it is a proceeding against the property itself, not against the owner. *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex. 2003) (citations omitted). "A forfeiture proceeding begins when the State presents an affidavit to a magistrate and ends after a show cause hearing in which the magistrate determines whether the seized property should be destroyed or forfeited." *Id*. at 127. To initiate a forfeiture proceeding, the State must obtain a search warrant based on a sworn affidavit setting forth substantial facts establishing probable cause and satisfying the magistrate that probable cause exists for its issuance. *See id*.; *see also* Tex. Code Crim. Proc. Ann. art. 18.01(b). "The affidavit underlying the search warrant is public information, and the magistrate's clerk must make a copy of the affidavit available for public inspection." *Hardy*, 102 S.W.3d at 127 (citing Tex. Code Crim. Proc. Ann.

5

art. 18.01(b)). The State then executes the warrant by conducting a search and seizure of the property. *Id.* (citation omitted).

There are two avenues for forfeiture involving gambling devices, paraphernalia, and proceeds. *Compare* Tex. Code Crim. Proc. Ann. art. 18.18(a), *with* art. 18.18(b). To proceed under article 18.18(a), an individual must be convicted of one of the enumerated offenses listed in subsection 18.18(a), then the lawfully seized property is automatically forfeited. *See id.* art. 18.18(a). "When there is no prosecution or conviction for the specific enumerated offenses contained in Article 18.18(a), 18.18(b) provides a procedure for forfeiture." *Pardue v. State*, 252 S.W.3d 690, 696 (Tex. App.—Texarkana 2008, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 18.18(a), (b); *State v. Dugar*, 553 S.W.2d 102, 104 (Tex. 1977); *Burnom v. State*, 55 S.W.3d 752, 753 (Tex. App.—Houston [14th Dist.] 2001, no pet.)). If a property owner has been convicted of an offense not enumerated in article 18.18(a), then article 18.18(b) authorizes forfeiture. *See Dugar*, 553 S.W.2d at 104; *Pardue*, 252 S.W.3d at 696.

Following lawful seizure, gambling paraphernalia, devices, equipment and proceeds are subject to forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 18.18(b); *In re Seizure of Gambling Proceeds and Devices*, 261 S.W.3d 439, 446 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Under article 18, the State has met its burden once it establishes probable cause to initiate a forfeiture proceeding. *Hardy*, 102 S.W.3d at 129. For article 18.18(b) proceedings, "the magistrate to whom the return

6

was made shall notify in writing the person found in possession of the alleged gambling device or equipment, . . . [or] gambling proceeds . . . to show cause why the property seized should not be destroyed or the proceeds forfeited." Tex. Code Crim. Proc. Ann. art. 18.18(b). The burden then shifts to the claimant to prove by a preponderance of the evidence the property is not contraband related to gambling subject to forfeiture under article 18.18(f). *See id.* art. 18.18(f); *Hardy*, 102 S.W.3d at 129. Pursuant to the statute, lawfully seized gambling devices or gambling proceeds are forfeited to the State unless an interested person shows they are not gambling devices or gambling proceeds. *See Hardy*, 102 S.W.3d at 128; *State v. Gambling Paraphernalia, Devices, Equip. and Proceeds*, 356 S.W.3d 594, 597 (Tex. App.—Corpus Christi 2011, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 18.18(f).

**Issue One**

In his first issue, Datoo argues that the district court erred in forfeiting his property because 1) the statutory prerequisites were not met, and 2) the statute of limitations had run. Datoo did not challenge the lawfulness of the seizure or that the State lacked probable cause in the proceedings below, so we presume the State's affidavit met its probable cause burden. *See, e.g., Hardy*, 102 S.W.3d at 130.

Datoo seems to argue that the State failed to file the affidavits with the District Clerk's office directly. The Texas Supreme Court has explained that the State initiates proceedings by presenting an affidavit to a magistrate, which was done here.

7

*See Hardy*, 102 S.W.3d at 127; *see also* Tex. Code Crim. Proc. Ann. arts. 18.01(b), 18.18(b). The record before us shows the State met the statutory requirements of a forfeiture proceeding when Pinckney presented his affidavit to the judge, who found it sufficient to establish probable cause and signed the warrant. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b); *Hardy*, 102 S.W.3d at 127.

Article 18.01(b) states that after the seizure, the return is to be delivered *to the magistrate* who signed the warrant, and Article 18.18(b) requires "the magistrate to whom the return was made" to notify the person in possession of the gambling device or proceeds. *See* Tex. Code Crim. Proc. Ann. arts. 18.01(a), 18.18(b) (emphasis added). Pinckney testified that he completed the return; he explained that once officers complete the return and inventory, they get it notarized and return it to the court, and although he remembered completing it, he could not say exactly when he brought it to the court. The trial court explained that the judge's clerk was deputized by the District Clerk's office.

Datoo also argues that proceedings never began, because the State never filed a separate document with the clerk's office, and the statute of limitations has expired. As explained above, the State commenced proceedings by presenting an affidavit to the magistrate, who then determined probable cause existed. *See Hardy*, 102 S.W.3d at 127. This negates the statute of limitations claim, and no other filing was required. We overrule issue one.

**Issue Two**

Datoo next complains that forfeiture of $49,518.00 for a class A misdemeanor violates the Eighth Amendment's Excessive Fines Clause. *See* U.S. CONST. amend. VIII. The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Id*. "The Eighth Amendment is applicable to the states through the Fourteenth Amendment." *One Car, 1996 Dodge X-Cab Truck White in Color 5YC-T17 VIN 3B7HC13Z5TG163723 v. State*, 122 S.W.3d 422, 423 (Tex. App.—Beaumont 2003, no pet.) (citing *Robinson v. California*, 370 U.S. 660 (1962)); *see also Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019). The Eighth Amendment applies to forfeitures "if they constitute punishment for an offense." *U.S. v. Bajakajian*, 524 U.S. 321, 328 (1998). "[C]ivil in rem forfeitures fall within the [Excessive Fines] Clause's protection when they are at least partially punitive." *Timbs*, 139 S. Ct. at 689 (citing *Austin v. U.S.*, 509 U.S. 602 (1993)).

In *United States v. Bajakajian*, the United States Supreme Court addressed the forfeiture of more than $300,000 where the defendant violated a statute that prohibited transporting more than $10,000 outside the United States and determined that it violated the Eighth Amendment's Excessive Fines Clause. *See Bajakajian*, 524 U.S. at 325, 333–34. Once the Court determined the forfeiture was punitive, it undertook an analysis to determine whether the forfeiture was "grossly disproportional[.]" *See id.* at 334, 337. "[A] punitive forfeiture violates the Excessive

9

Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."
*Id.* at 334.

*Bajakajian* outlined factors that courts could consider in a proportionality determination comparing the amount of the forfeiture to the gravity of the offense. *See id.* at 336–37. These factors include: 1) the nature of the offense; 2) the relationship of the offense to other illegal activities; 3) the class of offenders addressed by the forfeiture; and 4) the harm caused. *See id.* at 337–38. We conduct this proportionality review *de novo*. *See id.* at 336 (adopting gross disproportionality standard and noting a *de novo* review); *One Car*, 122 S.W.3d at 427 (applying Eighth Amendment to article 59.02 forfeitures and proportionality standard *de novo*).

We have determined that forfeitures initiated under Chapter 59 can be "sufficiently punitive to be subject to the Excessive Fines Clause." *See One Car*, 122 S.W.3d at 427. In making that determination, we relied on *Austin v. United States* and recognized that sanctions can be both remedial and punitive. *See One Car*, 122 S.W.3d at 424 (citing *Austin*, 509 U.S. at 610). We also reasoned that the "innocent owner" defense contained within the statute at issue supported that determination. *See id.* at 427 (citations omitted). Although we have not yet determined whether forfeitures initiated under article 18.18 likewise constitute a "fine" for Eighth Amendment purposes, we need not make that determination in resolving Datoo's issues. Assuming, without deciding, that a forfeiture under article 18.18 is punitive

and constitutes a fine, our proportionality analysis as outlined below leads us to conclude the forfeiture did not violate the Excessive Fines Clause.

Nature of Offense

First, following the seizure, Datoo was charged with the class A misdemeanor offense of keeping a gambling place, although such offense was not required to proceed with forfeiture of the property and proceeds under article 18.18(b)–(f). *See* Tex. Code Crim. Proc. Ann. art. 18.18(b); Tex. Penal Code Ann. §§ 12.21 (setting forth punishments for class A misdemeanors up to one year in jail and $4,000 fine), 47.04 (keeping a gambling place offense). He pled "no contest" and received a $1,500 fine for keeping a gambling place, but because this offense was not required to proceed with the forfeiture, it does not weigh against the forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 18.18(b) (authorizing forfeiture of gambling proceeds absent a conviction).

Relationship to Other Illegal Activities

Second, Pinckney testified the currency and property were connected to other illegal gambling offenses for which Datoo was not charged but could have been. These offenses included possession of gambling devices and possession of gambling paraphernalia, each class A misdemeanor carrying a $4,000 fine and up to a year in jail. *See* Tex. Penal Code Ann. §§ 12.21, 47.06. Datoo admitted to the officer he did not use a bank, he collected cash from the gambling devices, and he then paid prizes with the cash on-hand. These facts are distinguishable from those of *One Car* and

11

*Bajakajian*, where no other criminal activity was connected to the forfeited items. *See Bajakajian*, 524 U.S. at 337–39; *One Car*, 122 S.W.3d at 427.

<u>Class of Offenders Addressed by Forfeiture</u>

Third, although Datoo was convicted of keeping a gambling place, an offense not enumerated in article 18.18(a), the statute addresses individuals possessing gambling devices, gambling equipment, gambling paraphernalia, and gambling proceeds and such a conviction is not required to proceed with forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 18.18(a)–(f).

> Article 18.18(b) authorizes the State to seek forfeiture of illegal gambling devices and proceeds even when no conviction of a person is obtained, but it provides a procedure by which the possessor of the alleged gambling devices or proceeds may demonstrate that the property should not be forfeited. The intent reflected in these provisions is to remove from society the instrumentalities and proceeds of criminal enterprises.

*In re Seizure of Gambling Proceeds*, 261 S.W.3d at 447 (citing *Dugar*, 553 S.W.2d at 104). Officer Pinckney averred in the Probable Cause Affidavit that "Datoo was paying cash prizes to customers in amounts greater than $5 for their won credits on 8-liner machines." Pinckney explained that "[a] search of the property resulted in the seizure of $49,518.00 in United States currency that I believe to be proceeds of illegal gambling or intended to be used in furtherance of gambling." The evidence showed there were nineteen individuals in the gambling establishment at the time, Datoo had recently paid a cash prize of at least $7,000, and he told Pinckney he paid out cash prizes as part of this operation. Pinckney testified that Datoo was the sole

12

owner of the establishment where the gambling occurred and the proceeds were found. Having pled no contest to keeping a gambling place and being in possession of gambling devices, gambling paraphernalia, and proceeds necessary to keep such an operation going, Datoo was in the class of offenders addressed by the forfeiture. *See Bajakajian*, 524 U.S. at 337–39; *One Car*, 122 S.W.3d at 427.

Harm Caused

Finally, as to the harm caused, Datoo was engaged in an ongoing operation, and the currency seized constituted gambling proceeds and money kept on-hand to pay illegal prizes that continued the gambling operation. Use of the currency to fund an ongoing illegal gambling operation increased the gravity of the offense, another key distinction from *One Car* and *Bajakajian*, which supports forfeiture. *See Bajakajian*, 524 U.S. at 337–39; *One Car*, 122 S.W.3d at 427.

Datoo contends he was only fined $1,500 for the misdemeanor offense of keeping a gambling place, so the seizure of $49,518.00 was grossly disproportional. Given the ongoing nature of this criminal enterprise, and that the currency constituted proceeds from that enterprise and was used to pay illegal cash prizes, we disagree. Applying the *Bajakajian* factors to the evidence here, we hold that the forfeiture of the $49,518.00 and property was not "grossly disproportional" in violation of the Eighth Amendment Excessive Fines Clause. *See Bajakajian*, 524 U.S. at 337–39; *One Car*, 122 S.W.3d at 427; *see also In re Seizure of Gambling Proceeds*, 261 S.W.3d at 447 (noting intent of these provisions is to remove from

society the instrumentalities and proceeds of criminal enterprises). We overrule issue two.

**Issue Three**

In his third issue, Datoo argues that the plain text of article 18.18(b) does not apply if there has been a prosecution or conviction following a seizure, both of which happened to Datoo, since he was convicted of keeping a gambling place. In *Dugar*, the Texas Supreme Court rejected this argument when it construed this statute and concluded "the Legislature must have intended that Sections (b)-(f) provide the authority for forfeitures in all cases not covered by Section (a), that is, in all cases other than those in which there is a conviction for a listed offense." *Dugar*, 553 S.W.2d at 104. We are bound to follow this precedent. *See Sw. Bell Tel. Co., L.P. v. Mitchell*, 276 S.W.3d 443, 447 (Tex. 2008) (quoting *Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002)) (explaining binding nature of Texas Supreme Court precedent). The doctrine of stare decisis carries its "'greatest force'" when construing a statute. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 655 (Tex. 2020) (quoting *Worsdale v. City of Killeen*, 578 S.W.3d 57, 68–69 (Tex. 2019)).

Datoo was convicted of keeping a gambling place, an offense not listed in article 18.18(a). *See* Tex. Code Crim. Proc. Ann. art. 18.18(a). Because Datoo was not prosecuted or convicted for an enumerated offense in article 18.18(a), the State could proceed with forfeiture under article 18.18(b)–(f). *See Dugar*, 553 S.W.2d at

14

104; *Pardue*, 252 S.W.3d at 696. The Thirteenth Court of Appeals likewise determined that the State could proceed with forfeiture under article 18.18(b)–(f). *See Datoo*, 2019 WL 6769871, at *2–3. We overrule issue three.

**Issue Four**

In his final issue, Datoo argues that the State's use of article 18.18(b) violates due process and due course of law. He complains about the burden shifting to him after the State established probable cause and a warrant was executed. The State's only burden "was to demonstrate probable cause to the magistrate that issued the search warrant." *Datoo*, 2019 WL 6769871, at *2 (citing Tex. Code Crim. Proc. Ann. art. 18.01(b); *Hardy*, 102 S.W.3d at 129). *Hardy* addressed this and explained, "Once the State has established probable cause to initiate a forfeiture proceeding, the State has met its burden under article 18. At that point, the burden shifts to the claimant to prove that the property is not subject to forfeiture under article 18.18(f)[.]" *Hardy*, 102 S.W.3d at 129 (internal citation omitted). Our sister court remanded this case to afford Datoo due process, an opportunity to be heard at a show cause hearing consistent with article 18.18 as interpreted by *Hardy*. *See Datoo*, 2019 WL 6769871, at *2–3 (noting "it is well settled that 'the remedy for a denial of due process is due process,' not a judgment on the merits") (quoting *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995)).

At the hearing, Datoo had the burden to prove by a preponderance of the evidence that the property is not subject to forfeiture. *See* Tex. Code Crim. Proc.

15

Ann. art. 18.18(f); *Hardy*, 102 S.W.3d at 129; *Datoo*, 2019 WL 6769871, at *2. Datoo called Officer Pinckney to testify about the property. Rather than show that the property was not subject to forfeiture, the only evidence offered at the show cause hearing supported that the property and proceeds were subject to forfeiture. Datoo was afforded the process required by the statutory scheme but failed to meet his burden. *See* Tex. Code Crim. Proc. Ann. art. 18.18(b)–(f); *Hardy*, 102 S.W.3d at 129; *Datoo*, 2019 WL 6769871, at *2. We overrule this issue.

### Conclusion

Having overruled Datoo's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on December 6, 2022
Opinion Delivered June 1, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

16