Dexter L. BURNOM, Hazel Renee Britton, Mattye C. Lane, Betty Anne Myers, Jessie Lee Tillman, Willie L. Jones, Linda Faye Putman, Velda J. Hish, Zazell Dudley, and Bradly G. Witty, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 14–00–01343–CV to 14–00–01352–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 27, 2001.

Craig A. Washington, Houston, for appellants.

Calvin A. Hartmann, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

HUDSON, Justice.

This is an appeal from the forfeiture of $425,700.00 in cash money seized by law enforcement agents when they arrested the promoters of a pyramid scheme. In three points of error, appellants contend money used or acquired in the promotion of a pyramid scheme does not constitute (1) gambling paraphernalia, (2) contraband, or (3) the proceeds of gambling activity and, thus, is not subject to forfeiture under the Texas Code of Criminal Procedure. We affirm.

Appellants were charged by felony information with establishing a pyramid promotional scheme. *See* TEX. BUS. & COM. CODE ANN. § 17.461 (Vernon Supp.2001). After waiving indictment, each appellant entered a plea of no contest in conformity with a plea bargain agreement. The trial court found each of the appellants guilty of a Class A misdemeanor pursuant to Section 12.44(b) of the Texas Penal Code and

assessed punishment at a $200 fine in accord with the plea agreement. Thereafter, the State filed motions to forfeit $26,100 seized from Dexter L. Burnom; $16,000 from Hazel Renee Britton; $35,500 from Mattye C. Lane; $50,000 from Betty Anne Myers; $16,000 from Jessie Lee Tillman; $30,100 from Linda Faye Putman; $144,000 from Velda J. Hish; $12,000 from Zazel Dudley; and $80,000 from Bradly G. Witty. In its motions to forfeit these monies, the State alleged the confiscated funds constituted "gambling proceeds, criminal instruments and other contraband" subject to forfeiture under Article 18.18(a) and (b) of the Texas Code of Criminal Procedure.

In three points of error, appellants contend there is no statutory authority under either Article 18.18(a), 18.18(b), or 59.02 of the Code of Criminal Procedure authorizing the forfeiture of the monies seized here.

■ Article 18.18(a) provides, in pertinent part:

> Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, for an offense involving a criminal instrument, for an offense involving an obscene device or material, the court entering the judgment of conviction shall order that the machine, device, gambling equipment or gambling paraphernalia, instrument, obscene device or material be destroyed or forfeited to the state.

TEX.CODE CRIM. PROC. ANN. art. 18.18(a) (Vernon Supp.2001). Because they were not convicted of: (1) possessing "a gambling device or equipment, altered gambling equipment, or gambling paraphernalia," (2) "an offense involving a criminal instrument," or (3) "an offense involving an obscene device or material," appellants contend Article 18.18(a) is not applicable to the facts presented here. We agree.

The Texas Supreme Court has held that Article 18.18(a) authorizes forfeiture of gambling paraphernalia, gambling proceeds, prohibited weapons, criminal instruments, and other contraband only when the owner has first been convicted of one of the enumerated offenses. *State v. Dugar*, 553 S.W.2d 102, 103 (Tex.1977). Appellants were not convicted of one of the offenses named in the statute.

The Supreme Court, however, also held in *Dugar* that where, as here, the property owner has not been convicted of one of the enumerated offenses in Article 18.18(a), forfeiture of gambling proceeds and other contraband is nevertheless authorized by Article 18.18(b). *Id.* at 104. Article 18.18(b) sets forth the procedure for forfeiting contraband in circumstances where there is no "prosecution or conviction following seizure." TEX.CODE CRIM. PROC. ANN. art. 18.18(b) (Vernon Supp.2001). The court held that the phrase "if there is no prosecution or conviction following seizure" means no prosecution or conviction *of one of the enumerated offenses* in Article 18.18(a). Thus, where the property owner has been convicted of an offense *not* enumerated in Article 18.18(a), the contraband may be forfeited under the authority of Article 18.18(b). *Dugar*, 553 S.W.2d at 104.

■ Appellants next contend that the State failed to prove the monies seized from them were, in fact, "gambling proceeds." The State, however, has no burden to prove that the monies seized were gambling proceeds; the legislature has placed the burden of proof upon the property owner to show by a preponderance of the evidence that the money is not gam-

bling proceeds.[1] If the property owner fails to meet his burden of proof, "the court shall order the contraband delivered to the state, any political subdivision of the state, or to any state institution or agency." TEX.CODE CRIM. PROC. ANN. art. 18.18(a) (Vernon Supp.2001).

Moreover, the record shows appellants were engaged in a pure pyramid scheme; no attempt was made to disguise the program as a marketing or sales platform; no product was sold; and no legitimate profit was generated. The participants simply contributed $2,000 in $100 bills to a person or persons higher in the pyramid. These contributions were denominated by the promoters as "gifts." Thus, the record indicates that the monies seized from appellants at the time of their arrest were, in fact, generated by the pyramid scheme.

Appellants nevertheless contend that money generated in a pyramid scheme does not constitute "gambling proceeds." The legislature, however, has provided that a person commits the offense of "gambling" if he "makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest" or "plays and bets for money or other thing of value at any game played with cards, dice, balls, or any other gambling device." TEX. PEN.CODE ANN. § 47.02(a)(1) & (3) (Vernon Supp.2001). Here, each participant staked a $2,000

"gift" on the chance that other participants would join the scheme in sufficient numbers to permit him to "win" more than his initial "investment." Thus, the element of chance was present in that the sponsoring-participant gambled for the recovery of his investment on the motivation, success, and efforts of each of his recruits over whom he had no control in any real sense. *Wesware, Inc. v. State*, 488 S.W.2d 844, 848 (Tex.Civ.App.—Austin 1972, no writ). The scheme, therefore, was a gift enterprise or lottery prohibited by the gambling statute.[2] Accordingly, we hold the money at issue constitutes "gambling proceeds."

While we agree with appellants that Article 18.18(a) does not provide a basis for forfeiture, the State also relied on Article 18.18(b). Because Article 18.18(b) provides a valid basis for the forfeiture, we need not address appellants' contention that the State cannot rely on Article 59.02 to justify the forfeiture. In fact, the State did not rely on Article 59.02 in the court below, or on appeal, as authority for the forfeiture. The judgment of the trial court is affirmed.

---

1. "Unless the person proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds, prohibited weapon, criminal instrument, or dog-fighting equipment and that he is entitled to possession, the magistrate shall dispose of the property or proceeds in accordance with Paragraph (a) of this article." TEX.CODE CRIM. PROC. ANN. art. 18.18(f) (Vernon Supp.2001).

2. A lottery is "any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name." TEX. PEN.CODE ANN. § 47.01(7) (Vernon Supp.2001).