**In re The STATE of Texas ex rel. Susan D. REED.**

**No. 04–08–00551–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 17, 2008.

---

Kevin P. Yeary, Assistant Criminal District Attorney, San Antonio, TX, for Appellant.

Andy Taylor, Amanda Peterson, Andy Taylor & Associates, P.C., Houston, Clint M. Glenny, II, The Glenny Law Firm, San Antonio, Harvey J. Ethington, Dallas, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Relator filed a petition for writ of mandamus asserting that the Honorable Raymond Angelini was without jurisdiction to order the return or release of money seized from various bank accounts pursuant to a search warrant. Relator contends that the Honorable Raymond Angelini was not authorized to order the return of the money because: (1) the Honorable Mary Roman signed the search warrants authorizing the seizure; and (2) a Chapter 59 forfeiture proceeding was pending that gave the civil district court dominant jurisdiction. We reject the relator's arguments and deny the petition.

## BACKGROUND

On May 20, 2008, Judge Roman, as the Presiding Criminal Judge, signed two search warrants under cause numbers 2008–W–0149 and 2008–W–0150 authorizing the seizure of various bank accounts. After the State filed a notice of seizure and intended forfeiture pursuant to Chapter 59 of the Texas Code of Criminal Procedure in civil district court, the real parties in interest filed motions in cause numbers 2008–W–0149 and 2008–W–1050 asserting that certain accounts were wrongfully seized based on the search warrants and seeking their return or release. On July 21, 2008, and July 24, 2008, Judge Angelini, as the Presiding Criminal Judge, signed orders ("Return Orders") authorizing the return or release of the accounts or certain sums of money in the accounts. On July 25, 2008, the relator filed a notice of appeal seeking to appeal the Return Orders. On July 28, 2008, the relator filed this mandamus proceeding.

## AUTHORITY AS PRESIDING CRIMINAL JUDGE

■ In its first issue, the relator contends that Judge Angelini was not authorized to sign the Return Orders because the search warrants were signed by Judge Roman. Although the relator concedes that a magistrate who issues a search warrant is authorized to try questions arising from the same, see TEX.CODE CRIM. PROC. ANN. art. 18.12 (Vernon 2005), the relator argues that only Judge Roman had jurisdiction to release or return the property seized pursuant to the search warrants. We disagree.

■ Under article 18.12, either the magistrate to whom return was made or another judge sitting for that magistrate may order the release or return. *In re Cornyn*, 27 S.W.3d 327, 334 (Tex.App.-Houston [1st Dist.] 2000, orig. proceeding). In this case, the record establishes that Judge Roman signed the search warrants on May 20th as the Presiding Criminal Judge. Bexar County has adopted a presiding criminal judge system to promote efficiency in the Bexar County criminal district courts. *See* TEX. GOV'T CODE ANN. § 75.013 (Vernon 2005). Based on an order issued by the local administrative judge in furtherance of the presiding criminal judge system, Judge Angelini, as the sitting judge of the 187th Judicial District Court, was the assigned Presiding Criminal Judge on May 20th. Section 75.013(d) provides, however, that any other judge may preside in the absence of the presiding criminal judge or at his request. *See* TEX. GOV'T CODE ANN. § 75.013 (Vernon 2005). Therefore, the record appears to establish that Judge Roman was sitting for Judge Angelini as Presiding Criminal Judge when she signed the search warrants on May 20th. In any event, when Judge Angelini signed the Return Orders he either was sitting for Judge Roman or was otherwise authorized to try questions

relating to the search warrants pursuant to the exchange-of-benches provisions contained in the statutes and constitution. TEX. CONST. art. V, § 11; TEX. GOV'T CODE ANN. §§ 24.303, 74.094 (Vernon 2004 & 2005) (providing judges may, in their discretion, exchange benches and judges of district courts may serve as magistrates of courts other than their own); *In re Garza*, 981 S.W.2d 438, 440–41 (Tex.App.-San Antonio 1998, orig. proceeding) (discussing exchange of benches). Relator's first issue is overruled.

### CHAPTER 59 FORFEITURE

 In its second issue, relator contends that the civil district court had dominant jurisdiction to consider the disposition of the seized property pursuant to Chapter 59. We disagree.

Article 18.12 and Chapter 59 give the magistrate to whom the return was made (or another judge sitting for that magistrate) and the civil district court concurrent jurisdiction to consider the disposition of the seized property under these circumstances. *See State v. Dugar,* 553 S.W.2d 102, 104–05 (Tex.1977) (discussing concept of concurrent jurisdiction). Article 59.12(c) expressly recognizes this concurrent jurisdiction by providing, "Except as otherwise provided by this article, a transaction involving an account or assets, other than the deposit or reinvestment of interest, dividends, or other normally recurring payments on the account or assets that do not involve distribution of proceeds to the owner, is not authorized unless approved by the court that issued the seizure warrant or, if a forfeiture action has been instituted, the court in which that action is pending." TEX.CODE CRIM. PROC. ANN. art. 59.12(c) (Vernon 2006). Although the relator reads article 59.12(c) as granting authority to only the court in which the Chapter 59 action is pending, we interpret article 59.12(c) as granting concurrent jurisdiction to either: (1) the magistrate that issued the seizure warrant (or another judge sitting for that magistrate); or (2) the court in which a Chapter 59 action is pending if a forfeiture proceeding has been instituted. Relator's second issue is overruled.

### CONCLUSION

Relator's petition for writ of mandamus is denied.