

★ ★ ★                                                    ★ ★ ★

**OPINION**

No. 04-08-00551-CR

**IN RE** The **STATE** of Texas ex rel. Susan D. Reed

Original Mandamus Proceeding[1]

Opinion by:      Alma L. López, Chief Justice

Sitting:         Alma L. López, Chief Justice
                 Catherine Stone, Justice
                 Sandee Bryan Marion, Justice

Delivered and Filed:   September 17, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus asserting that the Honorable Raymond Angelini was without jurisdiction to order the return or release of money seized from various bank accounts pursuant to a search warrant. Relator contends that the Honorable Raymond Angelini was not authorized to order the return of the money because: (1) the Honorable Mary Román signed the search warrants authorizing the seizure; and (2) a Chapter 59 forfeiture proceeding was pending that gave the civil district court dominant jurisdiction. We reject the relator's arguments and deny the petition.

---

[1] This proceeding arises out of Cause Nos. 2008-W-0149 & 2008-W-0150, styled *In re Search Warrant Seizure of Bank of America Account No. 439000695934; In re Search Warrant Seizure of Compass Bank Account No. 0001036514 & 01055292; In re Search Warrant Seizure of Bank of America Account No. 439000694947 & In re Search Warrant Seizure of Compass Bank Account No. 250345570.*

## BACKGROUND

On May 20, 2008, Judge Román, as the Presiding Criminal Judge, signed two search warrants under cause numbers 2008-W-0149 and 2008-W-0150 authorizing the seizure of various bank accounts. After the State filed a notice of seizure and intended forfeiture pursuant to Chapter 59 of the Texas Code of Criminal Procedure in civil district court, the real parties in interest filed motions in cause numbers 2008-W-0149 and 2008-W-1050 asserting that certain accounts were wrongfully seized based on the search warrants and seeking their return or release. On July 21, 2008, and July 24, 2008, Judge Angelini, as the Presiding Criminal Judge, signed orders ("Return Orders") authorizing the return or release of the accounts or certain sums of money in the accounts. On July 25, 2008, the relator filed a notice of appeal seeking to appeal the Return Orders. On July 28, 2008, the relator filed this mandamus proceeding.

## AUTHORITY AS PRESIDING CRIMINAL JUDGE

In its first issue, the relator contends that Judge Angelini was not authorized to sign the Return Orders because the search warrants were signed by Judge Román. Although the relator concedes that a magistrate who issues a search warrant is authorized to try questions arising from the same, *see* TEX. CODE CRIM. PROC. ANN. art. 18.12 (Vernon 2005), the relator argues that only Judge Román had jurisdiction to release or return the property seized pursuant to the search warrants. We disagree.

Under article 18.12, either the magistrate to whom return was made or another judge sitting for that magistrate may order the release or return. *In re Cornyn*, 27 S.W.3d 327, 334 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding). In this case, the record establishes that Judge Román signed the search warrants on May 20th as the Presiding Criminal Judge. Bexar County has adopted a presiding criminal judge system to promote efficiency in the Bexar County criminal

district courts. *See* TEX. GOV'T CODE ANN. § 75.013 (Vernon 2005). Based on an order issued by the local administrative judge in furtherance of the presiding criminal judge system, Judge Angelini, as the sitting judge of the 187th Judicial District Court, was the assigned Presiding Criminal Judge on May 20th. Section 75.013(d) provides, however, that any other judge may preside in the absence of the presiding criminal judge or at his request. *See* TEX. GOV'T CODE ANN. § 75.013 (Vernon 2005). Therefore, the record appears to establish that Judge Román was sitting for Judge Angelini as Presiding Criminal Judge when she signed the search warrants on May 20th. In any event, when Judge Angelini signed the Return Orders he either was sitting for Judge Román or was otherwise authorized to try questions relating to the search warrants pursuant to the exchange-of-benches provisions contained in the statutes and constitution. TEX. CONST. art. V, § 11; TEX. GOV'T CODE ANN. §§ 24.303, 74.094 (Vernon 2004 & 2005) (providing judges may, in their discretion, exchange benches and judges of district courts may serve as magistrates of courts other than their own); *In re Garza*, 981 S.W.2d 438, 440-41 (Tex. App.—San Antonio 1998, orig. proceeding) (discussing exchange of benches). Relator's first issue is overruled.

## CHAPTER 59 FORFEITURE

In its second issue, relator contends that the civil district court had dominant jurisdiction to consider the disposition of the seized property pursuant to Chapter 59. We disagree.

Article 18.12 and Chapter 59 give the magistrate to whom the return was made (or another judge sitting for that magistrate) and the civil district court concurrent jurisdiction to consider the disposition of the seized property under these circumstances. *See State v. Dugar*, 553 S.W.2d 102, 104-05 (Tex. 1977) (discussing concept of concurrent jurisdiction). Article 59.12(c) expressly recognizes this concurrent jurisdiction by providing, "Except as otherwise provided by this article, a transaction involving an account or assets, other than the deposit or reinvestment of interest,

dividends, or other normally recurring payments on the account or assets that do not involve distribution of proceeds to the owner, is not authorized unless approved by the court that issued the seizure warrant or, if a forfeiture action has been instituted, the court in which that action is pending." TEX. CODE CRIM. PROC. ANN. art. 59.12(c) (Vernon 2006). Although the relator reads article 59.12(c) as granting authority to only the court in which the Chapter 59 action is pending, we interpret article 59.12(c) as granting concurrent jurisdiction to either: (1) the magistrate that issued the seizure warrant (or another judge sitting for that magistrate); or (2) the court in which a Chapter 59 action is pending if a forfeiture proceeding has been instituted. Relator's second issue is overruled.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Alma L. López, Chief Justice

PUBLISH