•           •           • 
 • • •




OPINION

No. 04-08-00551-CR

IN RE The STATE of Texas ex rel. Susan D. Reed

Original Mandamus Proceeding




Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   September 17, 2008

PETITION FOR WRIT OF MANDAMUS DENIED
            Relator filed a petition for writ of mandamus asserting that the Honorable Raymond Angelini
was without jurisdiction to order the return or release of money seized from various bank accounts
pursuant to a search warrant. Relator contends that the Honorable Raymond Angelini was not
authorized to order the return of the money because: (1) the Honorable Mary Román signed the
search warrants authorizing the seizure; and (2) a Chapter 59 forfeiture proceeding was pending that
gave the civil district court dominant jurisdiction. We reject the relator’s arguments and deny the
petition.
 
Background
            On May 20, 2008, Judge Román, as the Presiding Criminal Judge, signed two search warrants
under cause numbers 2008-W-0149 and 2008-W-0150 authorizing the seizure of various bank
accounts. After the State filed a notice of seizure and intended forfeiture pursuant to Chapter 59 of
the Texas Code of Criminal Procedure in civil district court, the real parties in interest filed motions
in cause numbers 2008-W-0149 and 2008-W-1050 asserting that certain accounts were wrongfully
seized based on the search warrants and seeking their return or release. On July 21, 2008, and
July 24, 2008, Judge Angelini, as the Presiding Criminal Judge, signed orders (“Return Orders”)
authorizing the return or release of the accounts or certain sums of money in the accounts. On
July 25, 2008, the relator filed a notice of appeal seeking to appeal the Return Orders. On July 28,
2008, the relator filed this mandamus proceeding.
Authority as Presiding Criminal Judge
            In its first issue, the relator contends that Judge Angelini was not authorized to sign the
Return Orders because the search warrants were signed by Judge Román. Although the relator
concedes that a magistrate who issues a search warrant is authorized to try questions arising from
the same, see Tex. Code Crim. Proc. Ann. art. 18.12 (Vernon 2005), the relator argues that only
Judge Román had jurisdiction to release or return the property seized pursuant to the search warrants. 
We disagree. 
            Under article 18.12, either the magistrate to whom return was made or another judge sitting
for that magistrate may order the release or return. In re Cornyn, 27 S.W.3d 327, 334 (Tex.
App.—Houston [1st Dist.] 2000, orig. proceeding). In this case, the record establishes that Judge
Román signed the search warrants on May 20th as the Presiding Criminal Judge. Bexar County has
adopted a presiding criminal judge system to promote efficiency in the Bexar County criminal
district courts. See Tex. Gov’t Code Ann. § 75.013 (Vernon 2005). Based on an order issued by
the local administrative judge in furtherance of the presiding criminal judge system, Judge Angelini,
as the sitting judge of the 187th Judicial District Court, was the assigned Presiding Criminal Judge
on May 20th. Section 75.013(d) provides, however, that any other judge may preside in the absence
of the presiding criminal judge or at his request. See Tex. Gov’t Code Ann. § 75.013 (Vernon
2005). Therefore, the record appears to establish that Judge Román was sitting for Judge Angelini
as Presiding Criminal Judge when she signed the search warrants on May 20th. In any event, when
Judge Angelini signed the Return Orders he either was sitting for Judge Román or was otherwise
authorized to try questions relating to the search warrants pursuant to the exchange-of-benches
provisions contained in the statutes and constitution. Tex. Const. art. V, § 11; Tex. Gov’t Code
Ann. §§ 24.303, 74.094 (Vernon 2004 & 2005) (providing judges may, in their discretion, exchange
benches and judges of district courts may serve as magistrates of courts other than their own); In
re Garza, 981 S.W.2d 438, 440-41 (Tex. App.—San Antonio 1998, orig. proceeding) (discussing
exchange of benches). Relator’s first issue is overruled.
Chapter 59 Forfeiture
            In its second issue, relator contends that the civil district court had dominant jurisdiction to
consider the disposition of the seized property pursuant to Chapter 59. We disagree.
            Article 18.12 and Chapter 59 give the magistrate to whom the return was made (or another
judge sitting for that magistrate) and the civil district court concurrent jurisdiction to consider the
disposition of the seized property under these circumstances. See State v. Dugar, 553 S.W.2d 102,
104-05 (Tex. 1977) (discussing concept of concurrent jurisdiction). Article 59.12(c) expressly
recognizes this concurrent jurisdiction by providing, “Except as otherwise provided by this article,
a transaction involving an account or assets, other than the deposit or reinvestment of interest,
dividends, or other normally recurring payments on the account or assets that do not involve
distribution of proceeds to the owner, is not authorized unless approved by the court that issued the
seizure warrant or, if a forfeiture action has been instituted, the court in which that action is
pending.” Tex. Code Crim. Proc. Ann. art. 59.12(c) (Vernon 2006). Although the relator reads
article 59.12(c) as granting authority to only the court in which the Chapter 59 action is pending, we
interpret article 59.12(c) as granting concurrent jurisdiction to either: (1) the magistrate that issued
the seizure warrant (or another judge sitting for that magistrate); or (2) the court in which a Chapter
59 action is pending if a forfeiture proceeding has been instituted. Relator’s second issue is
overruled.
Conclusion
            Relator’s petition for writ of mandamus is denied.
 
Alma L. López, Chief Justice

PUBLISH