

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00391-CR

AMEER HIRANI                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1472571D

----------

## MEMORANDUM OPINION[1]

----------

## I.      INTRODUCTION

In a single point, Appellant Ameer Hirani contends that because the State voluntarily chose to pursue its motion for asset forfeiture of contraband gambling items under Article 18.18(b) of the Texas Code of Criminal Procedure—rather than waiting for a final conviction under Article 18.18(a) or pursuing the forfeiture

---

[1]*See* Tex. R. App. P. 47.4.

under chapter 59—he could not have been subsequently prosecuted for any criminal offense related to the forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 18.18 (West 2015), *id.* arts. 59.01–.14 (West 2018). He argues that because of the State's choice regarding the forfeiture, the trial court abused its discretion by denying his motion to dismiss these later criminal charges brought against him. We disagree and affirm the trial court's decision based on long-standing Texas precedent and fundamental canons of statutory construction.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2016, the Fort Worth Police Department executed a search warrant on Hirani's business, seizing the following: (1) nearly $19,000 in cash; (2) thirty-five computer motherboards; (3) one ledger; (4) one DVR; (5) one computer; (6) twenty-one cameras; (7) one money counter; (8) one ticket printer; and (9) one black air pistol. Three weeks later, the State filed its "Motion for Forfeiture of Gambling Proceeds, Devices, Equipment, and Paraphernalia," requesting the property's forfeiture to the State under Texas Code of Criminal Procedure Article 18.18(b). Hirani received notice of this motion but did not respond, and the trial court ordered that the seized assets be forfeited to the State. The State did not provide written notice to the Fort Worth Police Department (or Hirani) that no criminal prosecution would follow the asset forfeiture.

On October 6, 2016, Hirani was indicted and charged with the felony offense of engaging in organized criminal activity and the misdemeanor offense

2

of keeping a gambling place.[2]  On August 30, 2017, he filed a motion to dismiss the indictment, averring that the State was barred from pursuing charges against him because it failed to provide him with notice that he would not be prosecuted after the gambling equipment was seized pursuant to Article 18.18(b) of the Texas Code of Criminal Procedure.  The trial court denied the motion to dismiss, and on November 17, 2017, Hirani pled guilty to the felony offense as part of a plea bargain.  Hirani preserved his right to appeal the trial court's ruling on his pretrial motion to dismiss.

### III.    ANALYSIS

#### A.    The Denial of a Motion to Dismiss Is Reviewed for an Abuse of Discretion.

We review the trial court's denial of Hirani's motion to dismiss for an abuse of discretion.  *Williams v. State*, 464 S.W.2d 842, 844–45 (Tex. Crim. App. 1971).  A trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 563 U.S. 1037 (2011).  In this case, we review whether the trial court abused its discretion by denying Hirani's motion to dismiss when the State pursued its forfeiture under Article 18.18(b) of the Texas Code of Criminal Procedure but did not provide notice under that statute that it would not prosecute him.

---

[2]The misdemeanor charges are not the subject of this appeal.

3

**B.    Texas Code of Criminal Procedure Article 18.18 Provides Two Methods for the Forfeiture of Contraband.**

Article 18.18 of the Texas Code of Criminal Procedure prescribes two methods for the forfeiture of contraband.  Tex. Code Crim. Proc. Ann. art. 18.18. These methods are independent of forfeiture procedures in Chapter 59.  Tex. Code Crim. Proc. Ann. art. 59.011; *see Burnom v. State*, 55 S.W.3d 752, 754 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Because Article 18.18(b) provides a valid basis for the forfeiture, we need not address appellants' contention that the State cannot rely on Article 59.02 to justify the forfeiture.  In fact, the State did not rely on Article 59.02 in the court below, or on appeal, as authority for the forfeiture.")  Under Article 18.18(a), the State can pursue the seizure and forfeiture of contraband gambling items, including machines, devices, equipment, and gambling paraphernalia.  Tex. Code Crim. Proc. Ann. art. 18.18(a).  Article 18.18(a) applies *only* when a person is convicted for one of its enumerated crimes, such as possession of gambling equipment or offenses involving obscene devices or criminal instruments.  *Id.*; *see State v. Dugar*, 553 S.W.2d 102, 103 (Tex. 1977).

In contrast, under Article 18.18(b), the State may initiate the forfeiture of seized gambling items, including machines, devices, equipment, gambling paraphernalia, and other items, in proceedings against someone "[*i*]*f there is no prosecution or conviction following seizure.*"  Tex. Code Crim. Proc. Ann. art. 18.18(b) (emphasis added).  Forty-one years ago, in *Dugar*, the Texas

4

Supreme Court addressed the meaning of that emphasized language in resolving the counterpart to the issue Hirani raises on appeal. *Dugar*, 553 S.W.2d at 104. Dugar complained about the forfeiture of his gambling funds because, although he was convicted of an offense related to the seized items, he was not convicted of an offense listed in Article 18.18(a). *Id.* Addressing whether forfeitures could occur following convictions of offenses not listed in subsection (a), the Court issued a resounding "yes." *Id.* Interpreting Article 18.18 in its entirety and as it is plainly written, the Court held that if Article 18.18(b) is interpreted to apply only to persons who have not been prosecuted or convicted "for *any* offense as the literal language of the statute indicates, funds that are clearly gambling proceeds could not be forfeited solely because the State obtained a conviction of an offense that was not among those listed in Section (a)." *Id.* at 104 (emphasis added). "Such a reading is too narrow" and "contrary to the basic premise of an in rem forfeiture proceeding that, while the possessor may not be guilty of any criminal offense, the property seized is of such a nature that it should be destroyed or confiscated by the State." *Id.* "Therefore, we believe that the Legislature must have intended that Sections (b)–(f) provide the authority for forfeitures in all cases not covered by Section (a), that is, in all cases other than those in which there is a conviction for a listed offense." *Id.*

## C. Article 18.18(b) Permits Both Forfeiture and Prosecution in This Case.

Hirani contends that the State's choice to pursue forfeiture proceedings under Article 18.18(b) prevented it from pursuing any conviction thereafter.

5

Claiming that the "plain text" demands that we do so, he asks that we interpret Article 18.18(b) as barring the State from prosecuting him for any offense related to the seized and forfeited evidence because he was not charged with one of Article 18.18(a)'s enumerated crimes. Hirani relies on the statutory language emphasized above as well as language in the last sentence of Article 18.18(b) requiring "[a] law enforcement agency [to] make a motion under this section in a timely manner after the time at which the agency is informed in writing by the attorney representing the state that *no prosecution will arise from seizure*." Tex. Code Crim. Proc. Ann. art. 18.18(b) (emphasis added).

Hirani invites us to divert from well-settled, decades-old Texas Supreme Court precedent. We decline to do so. Here, as in *Dugar*, Article 18.18(b) was appropriately utilized. The record shows that Hirani was not charged or convicted of one of Article 18.18(a)'s enumerated offenses. *See* Tex. Code Crim. Proc. Ann. art. 18.18(a). The State correctly declined to pursue forfeiture under that section. However, Hirani's gambling operations utilized property that "is of such a nature that it should be destroyed or confiscated by the State." *Dugar*, 553 S.W.2d at 104.

Like the Texas Supreme Court in *Dugar*, we decline to "don blinders" and read snippets of Article 18.18 without reading the statute as a whole. Indeed, statutory interpretation does not involve cherry-picking phrases from statutes in isolation; rather, courts are admonished to guard against interpreting statutes in a manner that treats statutory terms as redundant or mere surplusage. *See Nat'l*

6

*Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 501, 118 S. Ct. 927, 939 (1998) (Thomas, J.); *see also, e.g.*, *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687, 698, 115 S. Ct. 2407, 2413 (1995) ("A reluctance to treat statutory terms as surplusage supports the reasonableness of the Secretary's interpretation."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012) ("If possible, every word and every provision is to be given effect . . . .  None should be ignored.  None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.")  If this court were to adopt Hirani's position, as the Texas Supreme Court pointed out in 1977, Article 18.18(b) would be effectively neutered, rendering it mere surplusage.  *See* Tex. Code Crim. Proc. Ann. art. 18.18; *Babbitt*, 515 U.S. at 698; 115 S. Ct. at 2413; *Dugar*, 553 S.W.2d at 104–05; *see also Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 202 (1819) (Marshall, C.J.) ("It would be dangerous in the extreme, to infer from extrinsic circumstances, that a case for which the words of an instrument expressly provide, shall be exempted from its operation.").

For Article 18.18(b) to have meaning, we must infer, like the Texas Supreme Court, that it applies to persons charged with crimes not listed in subsection (a) as well as persons not yet charged with crimes but in possession of property of "such a nature that it should be destroyed or confiscated by the State."  *See Dugar*, 553 S.W.2d at 104–05; *see also* Tex. Code Crim. Proc. Ann. art. 18.18(b).  Reading article 18.18 as a whole and according to its plain

language, we hold that just as Dugar's conviction for an offense not listed in subsection (a) did not prevent the later forfeiture of his gambling funds under subsection (b), the forfeiture of Hirani's assets under subsection (b) did not prevent his later prosecution and conviction for an offense not listed in subsection (a), despite the language in subsection (b) stating that "no prosecution will arise from the seizure" and referring to "no prosecution or conviction following seizure." Tex. Code Crim. Proc. Ann. art. 18.18(b); *see Dugar*, 553 S.W.2d at 104–05; *see also In re Seizure of Gambling Proceeds and Devices*, 261 S.W.3d 439, 446–48 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (acknowledging language in Article 18.18(b) alluding to a search warrant but holding that the statute contains no language requiring a warrant before forfeiture or penalizing the State for not getting a warrant). We overrule Hirani's point insofar as he argues that *Dugar* was wrongly decided and that the plain language of the statute requires the dismissal of the indictment or his conviction.

**D.     Absence of Notice Under Article 18.18 Does Not Require Dismissal of Hirani's Conviction or of the Case Against Him.**

Relying on the last sentence of Article 18.18(b), Hirani also complains that the State failed to provide notice to the Fort Worth Police Department that no prosecution would occur, which he contends was a condition precedent to forfeiture under Article 18.18(b). But Hirani states in his brief that he does not challenge the forfeiture of his assets. He instead argues that the notice failure should be remedied with the dismissal of his criminal case. To the extent this

8

argument relates to the interpretation of Article 18.18, we overruled it above. To the extent that Hirani focuses on the alleged notice defect itself and argues that it must be remedied with the vacatur of his conviction and the dismissal of the criminal charges against him, we overrule this argument as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Lucio v. State,* 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (citing cases), *cert. denied*, 566 U.S. 1036 (2012). Nevertheless, in the interest of justice, we note that vacating Hirani's conviction and dismissing the criminal charges against him because of an alleged defect in civil forfeiture proceedings—the result of which he did not appeal—is a drastic and inappropriate remedy. *Cf. Ex parte Walsh*, 530 S.W.3d 774, 779 (Tex. App.—Fort Worth 2017, no pet.) (holding that "[t]he dismissal of an indictment is a 'drastic measure' only to be used in the 'most extraordinary circumstances'") (quoting *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003)). Further, the sentence Hirani points to is cabined to the prior sentence in the statute discussing situations in which law enforcement agencies confiscate firearms, a situation not present here. *See* Tex. Code Crim. Proc. Ann. art. 18.18(b). We overrule Hirani's point in its entirety.

## IV. CONCLUSION

Having overruled Hirani's sole point, we affirm the trial court's judgment.

9

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  WALKER, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 12, 2018