

# NUMBER 13-18-00192-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FARID ALI DATOO,**                                                                     **Appellant,**

**v.**

**STATE OF TEXAS,**                                                                     **Appellee.**

---

### On appeal from County Court at Law No. 3
### of Jefferson County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Perkes**

In this civil forfeiture case, $49,518.00 was seized during the execution of a search warrant on Fred's Game Room in Beaumont, Texas. The operator, appellant Farid Ali Datoo, was convicted of keeping a gambling place, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 47.04. After his conviction, the trial court ordered the seized money

forfeited to the Jefferson County District Attorney's Office as gambling proceeds under Article 18.18(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(a).

On appeal,[1] Datoo contends that he was not subject to the automatic forfeiture provisions under Article 18.18(a) but was instead entitled to notice and a contested hearing under Article 18.18(b)-(f). *See id.* art. 18.18(b)-(f). The State concedes this issue but counters that the judgment should be affirmed because Datoo waived the error. Alternatively, the State asks us to reverse the judgment and remand the case so that it can proceed under Article 18.18(b)-(f). Datoo requests that we render judgment that the money be returned to him. We reverse and remand.

## I. DISCUSSION

"Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia . . . the court shall order [seized gambling proceeds] forfeited to the state." TEX. CODE CRIM. PROC. ANN. art. 18.18(a); *see generally* TEX. PENAL CODE ANN. § 47.06 (titled, "Possession of Gambling Device, Equipment, or Paraphernalia"). When, as here, the person is convicted of another gambling offense, the person is entitled to notice and a hearing to contest the forfeiture. TEX. CODE CRIM. PROC. ANN. art. 18.18(b)-(f); *State v. Dugar*, 553 S.W.2d 102, 104 (Tex. 1977). The State concedes that because Datoo was not convicted for one of the enumerated offenses under Article 18.18(a), he was entitled to

---

[1] This appeal was transferred to us from the Ninth Court of Appeals in Beaumont under a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

notice and a hearing under Article 18.18(b)-(f). *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(a)-(f); *Dugar*, 553 S.W.2d at 104.

Nonetheless, the State asks us to affirm the judgment, asserting that Datoo waived any error by failing to make a timely objection to the trial court. The State relies on Texas Rule of Appellate Procedure 33.1(a) for the general proposition that an appellant must present a "timely request, objection, or motion" to the trial court to preserve the complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). Although this is a civil proceeding, Rule 33.1 applies with equal force to criminal and civil proceedings, and we agree with the Texas Court of Criminal Appeals that "[t]he requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) (citations omitted). In other words, the operation of Rule 33.1(a) may be suspended when the appellant does not have an opportunity to comply with the rule. *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013). To hold otherwise would be inconsistent with the basic tenets of due process—"notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

In this case, it is undisputed that the trial court signed the forfeiture order without conducting a hearing and without notice to Datoo.[2] Thus, the only possible relief Datoo could seek from the trial court was post judgment. Datoo filed his notice of appeal within thirty days, meaning he had an opportunity to timely file a motion for a new trial. *See*

---

[2] According to the clerk's time stamps, the trial judge signed the order of forfeiture approximately three hours after Datoo pleaded no contest to keeping a gambling place.

TEX. R. CIV. P. 329a(b). However, while a motion for a new trial is a prerequisite to presenting a complaint on appeal under certain circumstances, none of those circumstances are present here. *See* TEX. R. CIV. P. 324(a), (b). In a similar case, the *Landers* Court rejected the State's argument that the defendant should have preserved her complaint by filing a permissive, as opposed to mandatory, motion for a new trial. *Landers*, 402 S.W.3d at 253–55. Because the trial court denied Datoo the opportunity to object at the time the error was committed, and because no rule of procedure compelled Datoo to seek post judgment relief before filing his appeal, we conclude that Datoo may present his complaint for the first time on appeal. *See id.; see also Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (holding that the defendant could present his complaint for the first time on appeal because "the [trial] court modified the terms of [the defendant's] probation without a hearing, and [the defendant] had no opportunity to object.").

Next, we turn to the proper disposition of the seized property. Datoo cites *$6,300 in U.S. Currency v. State* for the proposition that we should render a judgment that the money be returned to him. *See* No. 14-98-00738-CV, 2000 WL 1535242, at *2 (Tex. App.—Houston [14th Dist.] Oct. 19, 2000, pet. denied) (not designated for publication). The "sole point of error" in that case was whether the trial court erred in proceeding under Article 18.18(a) when the appellant was convicted of an offense that was not listed in Article 18.18(a). *Id.* at *1. After concluding that the trial court had erred, the court of appeals, without discussion, reversed the judgment and rendered a judgment that the money be returned to the appellant. *Id.* at *2; *but see Pardue v. State*, 252 S.W.3d 690,

4

697 & n.3 (Tex. App.—Texarkana 2008, no pet.) (vacating a judgment under Article 18.18(a) but noting that the State was not precluded from pursuing a forfeiture under an alternative procedure). If the final disposition of the seized money was presented as a distinct issue—as it has been in this case—it is not apparent from the two-page opinion. Without an explanation of its disposition, we find *$6,300 in U.S. Currency* unpersuasive on the issue before us and decline to follow it.

The State has requested instead that we remand the case for a proceeding under Article 18.18(b)-(f). *See Pardue*, 252 S.W.3d at 697 & n.3. We agree that this is the proper disposition. Datoo correctly identifies the trial court's error in this case as a due process violation. Article 18.18(b)-(f) expressly requires notice and the opportunity for an interested person to contest the proposed forfeiture in an adversarial proceeding. TEX. CODE CRIM. PROC. ANN. art. 18.18(b)-(f); *Hardy v. State*, 102, S.W.3d 123, 127 (Tex. 2003). By ordering an automatic forfeiture under Article 18.18(a), the trial court denied Datoo these due process protections. *See id.*; *Than*, 901 S.W.2d at 930. However, it is well-settled that "the remedy for a denial of due process is due process," not a judgment on the merits. *Than*, 901 S.W.2d at 933 (citing *Perry v. Sindermann*, 408 U.S. 593, 603 (1972)).

Moreover, Datoo's suggested disposition ignores the fact that the State has already established its interest in the seized property. The State's only burden in this forfeiture process was to demonstrate probable cause to the magistrate that issued the search warrant.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b); *Hardy*, 102 S.W.3d at

---

[3] We also note that unlike Chapter 59 of the Code of Criminal Procedure, which provides another method for seizing and forfeiting contraband, the State was not required to initiate a show cause hearing in

129. Under Article 18.18(f), Datoo, not the State, now bears the burden of proving by a preponderance of the evidence that the seized money is not gambling proceeds and that he is entitled to possession. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(f); *Hardy* 102, S.W.3d at 128–29. Thus, the trial court's error did not divest the State of its interest in the seized property nor relieve Datoo of his burden to overcome the State's interest. The only thing Datoo is entitled to under the statutory scheme is notice and an opportunity to contest the forfeiture. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(b)-(f).

## II. CONCLUSION

Accordingly, we reverse the judgment and remand for further proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of December, 2019.

---

this case; instead, that duty fell to the magistrate that issued the search warrant. *Compare* TEX. CODE CRIM. PROC. ANN. art. 59.04(a) ("If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.") *with id.* art. 18.18(b) ("If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the . . . gambling proceeds . . . to show cause why the property seized should not be destroyed or the proceeds forfeited.")